### A. LEDOUX *v.* E. DURRIVE.

One of several sureties who has paid the debt, will not be entitled, under Article 3027 of the Civil Code, to an action for contribution against his co-surety, when, at the time of such payment, the co-surety himself was under no legal obligation to pay the debt.

In an action against two sureties judgment was rendered against the plaintiff; he appealed as to one of the sureties, and the judgment was reversed. The surety paid the money and brought this action for contribution against the defendant, his co-surety, under Article 3027 of the Civil Code. *Held :* No appeal having been taken against the co-surety, and the judgment in his favor having become final before the payment, he is not liable.

The Louisiana State Bank sued *Ledoux* and *Durrive* on an obligation of suretyship ; there was judgment against the bank and it appealed, but as to *Ledoux* alone. The judgment was reversed : *Ledoux* paid the money and brought this action against his co-surety, *Durrive*, for contribution. *Durrive* plead the judgment of the *Louisiana State Bank* v. *Ledoux & Durrive* as *res judicata.* *Held :* The judgment of the District Court in favor of the present defendant, (*Durrive,*) and against the Louisiana State Bank, perhaps, does not amount to a technical bar of the present action. To have that effect, it should have been rendered in a suit between the same parties and for the same cause of action. But that judgment makes proof against those who were parties to the action, and those claiming through or under such parties, of the truth of what was decided thereby.

APPEAL from the Second District Court of New Orleans, *Lea,* J.
　　*D. N. Hennen,* for plaintiff and appellant. *Elmore & King,* for defendant.

BUCHANAN, J. The plaintiff and defendant were co-sureties of one *James Duplessis*, in a bond given to the Louisiana State Bank, in the penal sum of

twelve thousand dollars, conditioned for the faithful performance, by said *Duplessis*, of the duties of note clerk in said bank. ·The principal in the bond proving to be a defaulter to an amount exceeding the penalty of the bond, the plaintiff paid said penalty in full in satisfaction of a judgment entered up against him at the suit of the bank, and has instituted the present action, demanding six thousand dollars of his co-surety, being one half of the amount paid, as a contribution due by defendant towards the discharge of a common liability.

The defendant pleads, first, the general issue; secondly, a judgment in his favor in a suit instituted by the bank on the bond; and, thirdly, a certificate of discharge under the Bankrupt Act of Congress.

This action is based upon the Article 3027 of the Louisiana Code, which is as follows : " When several persons have been sureties for the same debtor and for the same debt, the surety who has satisfied the debt, has his remedy against the other sureties, in proportion to the share of each; but this remedy takes place only when such person has paid in consequence of a suit instituted against him." The terms of this article presuppose a joint liability to a common obligee, which has been discharged by one of the joint obligors. Two opinions have divided the French jurists as to the foundation of the recourse which is given to the surety who has paid the debt, against his co-sureties, for a contribution, or proportionate reimbursement. When the Article 2033 of the Code Napoleon (from which our Article 3027 has been copied) was under discussion in the legislative body which created that Code, these two opinions were stated as follows, by two of the members : "La caution qui paie, est subrogée (said the Senator Treilhard,) aux droits du créancier : la caution peut donc exercer contre les cofidéjusseurs, chacun pour leur part, les droits que le créancier exercerait lui-même s'il n'était pas payé." And the tribune Chabot observed : " Celui des fidéjusseurs qui paye la dette, fait réellement l'affaire de ses cofidéjusseurs, en même temps qu'il fait la sienne et celle du débiteur, puisqu'en payant il libère ses confidéjusseurs, comme il se libère lui même, de la dette, qui leur était commune à tous. Il est donc équitable, puisqu'ils profitent tous du paiement, que chacun d'eux en supporte sa part."

The learned Troplong decides (Traité du Cautionnement, No. 421), that both opinions are admissible—that there is both a legal subrogation in favor of the surety who has paid, according to Articles 1251 of the French Code, (which is identical with our Article 2157,) and an equitable action upon the quasi-contract *negotiorum gestorum*, as recognized by Pothier, Traité des Obligations, No. 446. According to either view, the party from whom contribution is demanded, must have been himself under a legal obligation to pay, at the time payment was made by him who demands the contribution.

The defendant's plea of *res judicata* avers that he was under no such obligation ; that when payment was made by *Ledoux*, it had already been judicially decided, that *Durrive* was not indebted to the obligee of the bond, subscribed by *Ledoux* and *Durrive*, as sureties of *Duplessis*. The plea is in the following words : "And respondent further answers and says, that some time in the year 1844, the Louisiana State Bank commenced suit against *James Duplessis, Amaron Ledoux*, and this respondent, in the First Judicial District Court, said cause being numbered on the docket of said Court No. 23,558, being the same cause in which the Louisiana State Bank recovered judgment against the plain-

tiff in the present suit, which judgment is the pretended foundation of plaintiff's right to recover from respondent in the present suit. Shows, that he and plaintiff were sued by the Louisiana State Bank upon their bond executed as surety for said *James Duplessis*, and that after full hearing and argument there was a final judgment in said cause in favor of respondent, which judgment he pleads as *res judicata* in the present suit." The evidence in the cause shows that the suit mentioned in this plea, was instituted in October, 1844; that judgment was rendered in said suit, on the verdict of a jury, in favor of the defendants, *Ledoux* and *Durrive*, and against the defendant, *Duplessis*, on the 7th January, 1848."

It is admitted of record, that no appeal having been taken from the judgment in favor of *Edward Durrive* within the year, said judgment became final and conclusive; that an appeal was taken from the judgment in favor of *Ledoux*, on which appeal said judgment was reversed, and judgment was rendered by the Supreme Court, at the December term, 1848, against *Ledoux*, and in favor of the Louisiana State Bank, for twelve thousand dollars, with interest and costs. It is further proved, that said judgment was satisfied by *Ledoux* on the 28th December, 1848, by the payment of twelve thousand dollars to the Cashier of the bank.

The judgment of the First Judicial District Court in favor of the present defendant, and against the Louisiana State Bank, perhaps does not amount to a technical bar of the present action. To have that effect, it should have been rendered in a suit between the same parties, and for the same cause of action. But that judgment makes proof against those who were parties to the action, and those claiming through or under such parties, of the truth of what was decided thereby. Now both *Ledoux* himself, and the bank under whom *Ledoux* claims in this suit, were parties to the action in which the judgment in question was rendered. The cause of action in suit No. 23,558 in the First Judicial District Court, was a debt by contract of suretyship, claimed to be due to the plaintiff, the Louisiana State Bank, by *Durrive* and others; and the judgment in the suit " for the defendant, *Durrive*," decided that nothing was due on the contract by *Durrive* to the bank—that there was no obligation, on the part of *Durrive*, to pay the bond sued on. That decision has taken away the foundation of the present action; for the payment of the bond by *Ledoux* could not, thereafter, be considered as relieving *Ledoux* and *Durrive* from a common burden, which is the sole valid ground of a claim for contribution. Story's Equity, No. 492.

Our opinion upon this point, renders it unnecessary to examine the effect of the discharge in bankruptcy, which has been also pleaded in bar of this action.

Judgment affirmed, with costs.

Rehearing refused.