PATRICK L. CONNOR *vs.* THOMAS. CRAIG & another.

Suffolk.    November 16, 1916. — March 5, 1917.

. Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Surety.  Equity Jurisdiction,* Contribution between sureties.  *Bond,* To dissolve attachment.  *Practice, Civil, Stare decisis.*

The right of contribution between sureties does not arise from a contract of indemnity between them but is implied by law from their mutual relation and is founded on the principle that one surety by the payment of the common obligation has relieved his co-surety from the burden and is entitled to reimbursement for the payment of such co-surety's proportion of it.

A surety on a bond to dissolve an attachment, who had judgment given in his favor in an action on the bond on the ground that he was induced to sign it by the fraud of the obligee, is not liable to his co-surety in a suit in equity for contribution, after such co-surety has paid the amount due on the bond upon a judgment obtained against him on his default, because there was no common obligation of the sureties from which the co-surety with a good defence was relieved by such payment.  Language used in *Clapp* v. *Rice,* 15 Gray, 557, 559, restricted in its application.

An opinion of the court must be read in the light of the facts presented in the case decided.  Following the rule stated in *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 545.

BILL IN EQUITY, filed in the Superior Court on February 12, 1916, by one of the two sureties on a bond to dissolve an attachment on which the other surety was the defendant McNally, and on which the defendant Craig had obtained a judgment against the defendant McNally but not against the plaintiff, in whose favor judgment was rendered on the ground that the plaintiff's signature as surety on the bond had been obtained by fraud and misrepresentation on the part of the defendant Craig, praying that the defendant McNally might be restrained from paying any further sum upon the execution taken out by the defendant Craig beyond the amount of one half of the judgment already paid by him and for further relief.  The defendant Craig demurred to the bill.

The case was heard upon the demurrer. by *Fox,* J., who was of opinion that the demurrer should be sustained on the ground that on the allegations of the bill, which are stated in the opinion, the

plaintiff was under no obligation to contribute, and with the consent of the parties the judge reported the case for determination by this court. If the demurrer should be sustained, the bill was to be dismissed; otherwise, the defendants were to have leave to answer.

*J. J. Kaplan & J. E. Macy,* for the defendant Craig.

*J. T. Connolly,* (*M. J. Mulkern* with him,) for the plaintiff.

RUGG, C. J.   This suit in equity is brought against Craig as the obligee, and McNally, who asserts that the plaintiff is his co-surety on a bond given to dissolve an attachment. The bill avers that in an action brought on the bond by the obligee against the plaintiff and McNally, as sureties, a verdict was rendered in favor of the present plaintiff on the ground that he was induced to sign the bond by the fraud of the obligee and that McNally was defaulted and judgment entered against him as surety; that damages have been assessed for the full amount of the debt due on the bond against McNally, who has paid one half and made an agreement with Craig to pay one half the remainder, and that McNally contemplates bringing action against the plaintiff as co-surety for contribution, and that, if the plaintiff is liable to McNally, it is a liability which ought to be borne by Craig as the person whose fraud induced him to sign the bond.

The demurrer to the bill was sustained rightly on the ground that upon its allegations there was no obligation on the part of the plaintiff to contribute to McNally as his alleged co-surety. The liability of Connor to McNally must be determined from the nature of the relation between co-sureties. Contribution between co-sureties rests upon the equitable principle that a common burden ought to be shared equally by those equally liable. The right of contribution between co-sureties does not arise out of any contract of indemnity between them. It is implied by the law from their mutual relation. One surety who has paid the entire obligation of the suretyship has a right to contribution from his co-sureties because he by such payment has relieved them of a common burden and hence they ought to reimburse him for their proportionate part of his loss. But there can be no common burden if it has been determined that as to an alleged co-surety there was no burden at all on him from the beginning in respect of the principal obligation. The judgment in favor of

Connor in the action of Craig against both Connor and McNally decided finally that there was no obligation on him, as surety, to Craig, as the obligee of the bond, and settled that there was nothing due from him on the bond. That decision destroys the foundation for any obligation on the part of Connor to McNally, for the reason that, since there was no initial liability on his part to the obligee of the bond, McNally by paying the bond has not relieved him of any common burden, which is the only basis for a claim for contribution. One who is not liable as surety because of a congenital infirmity as to him in the instrument of suretyship can be under no obligation to anybody as co-surety unless he has disabled himself from asserting his defence. *Ledoux* v. *Durrive,* 10 La. Ann. 7, 9. *Hood* v. *Morgan,* 47 W. Va. 817, 822. *Ruff* v. *Montgomery,* 83 Miss. 185. *Craven* v. *Freeman,* 82 N. C. 361.

If the rule be stated in the form that the utmost extent of the claim of a surety who has made payment is subrogation to the rights of the creditor, so that he will rank against the co-surety as would the main creditor, as was said in *Russell* v. *Failor,* 1 Ohio St. 327, 330, the same conclusion is reached. Another phase of this principle is shown by the cases which hold that a surety, who has had no notice of an action against a co-surety, may show in an action by such co-surety against him any legal defence which he might have shown in an action against himself on the bond. *Briggs* v. *Boyd,* 37 Vt. 534, 539. *Lowndes* v. *Pinckney,* 1 Rich. Eq. 155, 178, 179. *Deering* v. *Winchelsea,* 2 B. & P. 270. Although the universal accuracy of these last two statements may be doubted, *Warner* v. *Morrison,* 3 Allen, 566, 568, they are sound as applicable to the facts here disclosed.

This conclusion does not depend upon the doctrine of *res judicata,* but flows from fundamental conceptions of the law of suretyship.

The sentence in *Clapp* v. *Rice,* 15 Gray, 557, at page 559, that the "discharge of one" co-surety "from his principal obligation, if the others are not discharged, will not release him from the liability to contribute for their indemnity," was used in a quite different connection relating to the short statute of limitations in favor of the estate of a deceased co-surety as to whose original liability there was no question. This statement cannot be wrested

from its connection and distended to other facts for which it was not intended. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 545. The effect of the statute of limitations as between cosureties may be different from their rights and obligations resting upon initial liability. *Wood* v. *Leland,* 1 Met. 387.

In accordance with the terms of the report, let the entry be

*Bill dismissed.*