**In re Kenneth E. JONES, Sr. and Judith Ann Jones, Debtors.**

**Bankruptcy No. 92–11270.**

United States Bankruptcy Court, D. Massachusetts, Eastern Division.

Jan. 29, 1996.

Lloyd E. Belford, Belford & Stone, Fall River, MA, for Debtors.

### DECISION REGARDING MOTION TO REOPEN

WILLIAM C. HILLMAN, Bankruptcy Judge.

The above-captioned debtors (the "Debtors") filed a Motion to Reopen their no-asset Chapter 7 case on the grounds that a creditor was omitted from Schedule F of their petition. In the affidavit attached to their motion, the Debtors explain that a creditor, who was unknown to them at the time of their bankruptcy filing, sued them in state court subsequent to the closing of their bankruptcy case. They wish to reopen the case and add the creditor to Schedule F in order to have the alleged debt to the creditor declared discharged. The creditor did not respond to the motion.

The Debtors filed for relief under Chapter 7 on February 10, 1992. On March 17, 1992, the Court issued a notice to all creditors informing them that until assets were discovered there was no need to file a proof of claim. *See* Fed.R.Bankr.P. 2002(e). On June 10, 1992, the Court issued the order discharging the debtors. On June 12, 1992, the case was closed.

11 U.S.C. § 350(b) provides that a "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." In this case, the issue is whether reopening the case will accord relief to the Debtors. To answer this question, it is necessary to decide whether reopening the case and adding the creditor will provide the Debtors with any relief.

11 U.S.C. § 727(b) provides that:

[e]xcept as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any

liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

Therefore, unless an exception found in 11 U.S.C. § 523 applies, the discharge granted under 11 U.S.C. § 727 includes all prepetition debts.

The applicable portion of 11 U.S.C. § 523 provides that a discharge under 11 U.S.C. § 727

does not discharge a debt neither listed not scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3).

In a no-asset Chapter 7 case, this Court issues a statement explaining to creditors that it is unnecessary to file proofs of claims unless and until assets are located. Fed.R.Bankr.P. 2002(e). In such a case, if a debt is not of a kind listed in 11 U.S.C. §§ 523(a)(2), (4) or (6), the debt is discharged by the discharge order because the creditor can timely file a proof of claim at any time before the case reopened to administer assets, a bar date is set and that date passes. If the debt is of a kind listed in subsections (2), (4) or (6) of § 523, the discharge will only affect the debt if the creditor could have timely filed a proof of claim and a discharge-

ability complaint or if the creditor had notice or actual knowledge of the case.[1]

Many courts have ruled that because 11 U.S.C. § 523(a)(3) gives clear guidance whether a discharge includes a particular debt, reopening a case to amend Schedule F is meaningless because it does decide the issue of the dischargeability of the debt. *See e.g. Beezley v. California Land Title Co. (In re Beezley),* 994 F.2d 1433, 1434 (9th Cir. 1993) (amendment pointless exercise); *In re Thibodeau,* 136 B.R. 7, 10 (Bankr.D.Mass. 1992) ("amending the schedules at this juncture would accomplish nothing") and *In re Mendiola,* 99 B.R. 864, 868 (Bankr.N.D.Ill. 1989) ("[s]cheduling the debts ... will not affect whether or not those debts are discharged"). These and other similar courts, after finding motions to reopen meaningless, leave the issue of the dischargeability of the debt to be decided in a non-bankruptcy forum. See e.g. *In re Thibodeau,* 136 B.R. at 10; *In re Crull,* 101 B.R. 60, 62 (Bankr. W.D.Ark.1989); and *In re Anderson,* 72 B.R. 495, 497 (Bankr.D.Minn.1987). That is, when the creditor pursues the debtor in another forum post-discharge, that forum will determine whether or not the debt has been discharged, using the § 523(a)(3) standards.

Judge Haines recently reviewed the merits of permitting a no-asset Chapter 7 debtor to reopen a case in order to schedule an unlisted creditor. *In re McKinnon,* 165 B.R. 55 (Bankr.D.Me.1994).

In this regard, he stated as follows:

But I part company with cases such as *Thibodeau* and *Mendiola* in their conclusion that, because amendment of the schedules is not necessary to, or immediately determinative of, the dischargeability of an added prepetition obligation, the case should not be reopened to permit the amendment. For the most part, such cases unfairly discount or ignore altogether the consequences that can result when a case is later reopened to administer previously undiscovered assets ... If a debtor

is not permitted to reopen a no-asset Chapter 7 case to add creditors to his schedules by amendment, those creditors will not receive the Rule 3002(c)(5) notice when it issues. If they do not receive the notice, do not file a proof of claim, and do not otherwise come by 'notice or actual knowledge' of the case in time to file a proof of claim within the designated period, their claims will not be discharged ... It is unrealistic (and unfair) to require debtors (and their counsel) to defer acting to amend the schedules unless and until a case is reopened to administer of newly-discovered assets. They are entitled to do what they can to ensure a comprehensive discharge, get the case behind them, and get on with their lives. Moreover, permitting amendments to add creditors only after a Rule 3002(c)(5) notice issues disrupts operation of the rule's uniform bar date.

165 B.R. at 57–58.

Judge Haines concluded that although reopening was not immediately determinative of whether a debt was discharged, it would provide meaningful relief to the debtor and was therefore permissible pursuant to 11 U.S.C. § 350.

A case from California recently addressed the same issue. *In re Hicks,* 184 B.R. 954 (Bankr.C.D.Cal.1995). In *Hicks,* a no-asset Chapter 7 debtor was confronted with a state court judge who would not rule on the legal effect of the discharge and instead allowed the state court case brought by an unlisted creditor to go to trial. The bankruptcy judge denied the first motion to reopen based upon *Beezley, supra.* The debtor filed a second motion to reopen seeking an order holding the creditor in contempt for violating the discharge injunction.

Declining to rely again on *Beezley,* the court ruled that:

[R]eopening the case is not a 'pointless exercise.' Indeed, it may be the only cost-effective relief available to a discharged

---

**1.** It is the creditor's burden to establish that the debt is of a kind found in subsections (2), (4) and (6) of 11 U.S.C. § 523. *In re Hicks,* 184 B.R. 954, 959 (Bankr.C.D.Cal.1995). "Allegations of a debtor's improper conduct should be evaluated

in an appropriate adversary or state court proceeding to determine whether the omitted debt should be excluded from the discharge under § 523(a)(3), not on a motion to reopen." *Id.*

debtor pursued by an omitted, prepetition creditor.

The state court's action here is understandable in light of the doctrinal confusion created by the bankruptcy courts' failure to distinguish between the debtor's burden of going forward, by listing debts and notifying creditors, and the creditor's burden to prove fraud or other nondischargeability grounds. The present case is only one of many on the Court's recent hearing calendars reflecting the inability of both state and federal district courts to make sense out of the *Beezley* implications. This confusion suggests that the state courts may *not* be the 'best' forum to determine whether an unscheduled debt is excepted from the discharge under § 523(a)(3), despite contrary conclusions in other jurisdictions ... Amendment of schedules to add omitted creditors is not legally required to bring a debt within the scope of the discharge, as *Beezley* ruled. But reopening a Chapter 7 case to allow amendment does not involve much time or effort. And even in a court with the volume of the Central District of California, the requests simply are not so frequent as to create an undue administrative or judicial burden, especially compared with the complications arising from closing the bankruptcy courthouse doors to that procedure. We have a duty to make our judgments as clear as possible.

*In re Hicks,* 184 B.R. at 960–962.

I agree with and adopt *McKinnon* and *Hicks*.

In summary, in a no asset Chapter 7 case where a notice pursuant to Fed.R.Bankr.P. 2002(e) issued and where the claim is not of a kind specified in 11 U.S.C. § 523(a)(2), (4), (6), an unscheduled debt is discharged. That fact is not altered by reopening the case and scheduling the omitted debt. If the debt is of a kind found in subsections (2), (4), or (6), it may be excepted from discharge. The creditor bears the burden of proving the same either in an adversary or state court

proceeding. This issue is also not decided in a motion to reopen.

These conclusions notwithstanding, I agree that reopening the case does provide relief to a debtor. It ensures that both the discharge and any notice issued creditors upon reopening, is comprehensive.

Accordingly, because reopening will accord relief to the debtor, I will grant the Debtors' motion pursuant to 11 U.S.C. § 350.[2] A separate order will enter in accordance with this decision.

---

**2.** This decision does not decide whether the debt in question was discharged. It appears from the facts before me that the discharge included this debt. To the extent that the creditor reaches a different conclusion, the issue is for her to pursue.