Clark *v.* Trumble.

DAVID G. CLARK & another[1] *vs.* STEVEN TRUMBLE.

No. 96-P-0722.

Middlesex. December 3, 1997. - March 18, 1998.

Present: JACOBS, GILLERMAN, & SPINA, JJ.

*Bankruptcy,* Discharge, Claim. *Debt. Practice, Civil,* Summary judgment. *Limitations, Statute of. Negotiable Instruments,* Note. *Contribution.*

In a civil action, the defendant's affidavit in opposition to a motion for summary judgment set forth sufficient facts to support the affirmative defense of bankruptcy set forth in his answer to the complaint, and the judge erred in allowing the plaintiffs' motion for summary judgment. [440]

This court declined to order summary judgment on appeal in favor of a civil defendant on the basis of his assertion of the affirmative defense of bankruptcy, where the plaintiffs should be afforded the opportunity to respond to the complex issues raised or to assert the existence of any factual disputes. [441-444]

Where promisees on an installment note never took action to accelerate the maturity of the note under an option they held, the statute of limitations for each installment began to run on the day after that installment payment was due, and the promisees were barred by the statute of limitations from recovery of installment payments due more than six years before their action for recovery on the note was filed. [444-445]

The obligations of two officers of a corporation who guaranteed the payment of corporate debts were equal in kind and degree, and where one officer paid a sum in satisfaction of a creditor's judgment against the corporation, he was entitled to eqitable contribution from the other officer. [446]

In a civil action the judge correctly concluded that the defendant's obligation on a guarantee of a corporation's debts was not merged into the debts of a successor merged corporation. [447]

CIVIL ACTION commenced in the Superior Court Department on August 9, 1994.

The case was heard by *Sandra L. Hamlin,* J., on a motion for summary judgment.

*Michael J. Tremblay* for the defendant.

[1]Linda M. Clark.

*Christine A. Burt* for the plaintiffs.

SPINA, J. Steven Trumble appeals from a judgment entered pursuant to an order of the Superior Court allowing the plaintiffs' (David Clark's and Linda Clark's) motion for summary judgment.[2] The complaint alleged unrelated claims for (1) money due on a promissory note and (2) contribution toward payment of a debt. Trumble raised thirteen affirmative defenses in boilerplate fashion, including "immun[ity] from suit due to discharge in Bankruptcy," and "the applicable statute of limitations." We reverse and remand on the basis of the bankruptcy defense.

The material facts are not in dispute and are summarized as follows. Trumble executed an unattested promissory note on February 22, 1988, both individually and as president of Status Properties, Inc. (Status). Status was a Massachusetts business corporation engaged in brokering real estate. Its two shareholders were Trumble and plaintiff David Clark. The Clarks, who are husband and wife, were the promisees named in the note and its holders. The principal amount of the note was $10,000, and interest accrued at the rate of fifteen percent per annum. The note provided for monthly payments of interest only on the twenty-second day of every month during one year, with the principal balance due in full on February 22, 1989. It contained a provision for acceleration of maturity upon default at the option of the holder. Trumble never made any payments. The Clarks filed this action on August 9, 1994.

The contribution claim arises from a complaint filed on November 27, 1990, by a creditor of Status against Status, David Clark, and Trumble. The creditor obtained a judgment against both David Clark and Trumble based upon their personal guaranties of Status's debt and then recorded the execution against David Clark's interest in the residence that he owned jointly with plaintiff Linda Clark. To clear title to their residence, the Clarks paid the creditor the negotiated sum of $9,000 in full satisfaction of the judgment, which had grown to $10,622.85 by August, 1994, from the accrual of postjudgment interest.

Trumble averred in his affidavit opposing the motion for summary judgment that he had filed a petition for relief under chapter 7 of the Bankruptcy Act with the United States

---

[2]Trumble's brief does not discuss the dismissal of his counterclaims which sought damages for defending what he alleged to be a frivolous action.

Bankruptcy Court for the District of Massachusetts on September 5, 1989. That affidavit, dated March 28, 1995, included a copy of the notice to creditors issued by the Bankruptcy Court and a print-out of the docket entries in that case indicating that debts were discharged on January 26, 1990, that the trustee's report of no assets was filed on May 30, 1990, and that the case was closed on August 27, 1991. There was no indication whether the Clarks' claims had, or had not, been included in the discharge.

1. *Bankruptcy.* Trumble asks us to reverse the judgment of the Superior Court and order entry of judgment in his favor on the basis of his discharge in bankruptcy. The Clarks ask us to affirm the judgment of the Superior Court, arguing that Trumble waived the defense by failing to raise it below. In the alternative, the Clarks contend that Trumble's debts to them were not discharged in bankruptcy because he failed to list them in his petition.

We begin with the Clarks' argument that Trumble waived the bankruptcy defense by not raising it below in his memorandum of law opposing summary judgment, citing *Elliott* v. *Warwick Stores, Inc.,* 329 Mass. 406, 408 (1952), and *Canton Lumber & Supplies, Inc.* v. *MacNevin,* 354 Mass. 563, 564 (1968). Those cases hold that failure to plead discharge in bankruptcy as an affirmative defense constitutes a waiver. See Mass.R.Civ.P 8(c), 365 Mass. 750 (1974). Trumble *did* raise bankruptcy as an affirmative defense in his answer to the complaint. His failure to discuss the affirmative defense of discharge in bankruptcy in his memorandum of law opposing summary judgment is of no consequence because he was only opposing the motion. It was enough that he filed an affidavit pursuant to Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974), that provided details of his bankruptcy discharge, including the name and address of the bankruptcy court, the docket number of his case, date of filing, and date of discharge. The Clarks, significantly, filed no counteraffidavit disputing the fact of Trumble's discharge in bankruptcy. We are satisfied that Trumble set forth sufficient facts in his affidavit to support the affirmative defense of bankruptcy that, if proved, would have precluded a judgment in favor of the Clarks. Since the Clarks failed to show they were entitled to summary judgment as matter of law, as was their burden, it was error to allow their motion for summary judgment. See Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974).

We come to Trumble's request that we order entry of judgment in his favor based upon his discharge in bankruptcy, and Clarks' contention that the debts in question were never discharged. Rule 56(c) of the Massachusetts Rules of Civil Procedure provides, in part, that "[s]ummary judgment, when appropriate, may be rendered against the moving party." See *Thattil* v. *Dominican Sisters of Charity of the Presentation of the Blessed Virgin, Inc.*, 415 Mass. 381, 385 (1993). While such an order is usually entered in the trial court, an appellate court may order entry of summary judgment for a nonmoving party, pursuant to rule 56(c). See *Doyon* v. *Travelers Indem. Co.*, 22 Mass. App. Ct. 336, 339 (1986). However, it is not "appropriate" under the rule to do so if there is an outstanding issue of fact. See *Good* v. *Commissioner of Correction*, 417 Mass. 329, 336 n.7 (1994). Nor is it appropriate where the nonmoving party has not had an adequate opportunity to rebut the defense. See 10A Wright, Miller, & Kane, Federal Practice and Procedure § 2720, at 34-35 (2d ed. 1983); *Fountain* v. *Filson*, 336 U.S. 681 (1949); *Good* v. *Commissioner of Correction, supra*; *Gamache* v. *Mayor of North Adams*, 17 Mass. App. Ct. 291, 295-296 (1983).

The basis of Trumble's claim for summary judgment on appeal is that he filed a petition in bankruptcy after the Clarks' claims arose. He admits in his brief on appeal[3] that he failed to list the Clarks' claims in his bankruptcy petition, but contends that such an omission is of no consequence because his discharge is operative as to all prefiling debts, whether or not they are listed. There is no dispute that Trumble's debts to the Clarks predated his petition in bankruptcy. There also appears to be no dispute that, had the debts been listed in his petition, they would have been discharged pursuant to § 727(b) of the Bankruptcy Code.[4]

The failure to list certain debts in a bankruptcy petition,

---

[3]Although unsworn, we may consider Trumble's admission that the Clarks' claims were not listed in his bankruptcy petition for purposes of considering his claim for summary judgment. See *White* v. *Peabody Constr. Co.*, 386 Mass. 121, 126 (1982).

[4]Title 11 U.S.C. § 727(b) (1994) provides:

"Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of

including debts such as those Trumble owed the Clarks, may result in their exception from discharge. Section 523(a)(3)(A) of the Bankruptcy Code, which both parties cite, provides, in relevant part, as follows:

> "(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt —
>
> . . .
>
> (3) neither listed nor scheduled under section 521 (1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit —
>
> (A) . . . timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing. . . ."

For purposes of this appeal, Trumble concedes that the Clarks did not learn of his bankruptcy until September, 1994, when he filed his answer and an affidavit with details of his bankruptcy, more than four years after his bankruptcy case was closed. Thus, it would initially appear that his debts to the Clarks were not discharged.

However, Trumble's was a no-asset chapter 7 case, and, pursuant to bankruptcy court rule,[5] a claims-bar date, the date by which creditors must file their proofs of claim, need not be established in such cases. No such date was ever set in Trum-

---

the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title."

[5]Rule 2002(e) of the Federal Rules of Bankruptcy Procedure (1983) provides:

> "(e) *Notice of No Dividend.* In a chapter 7 liquidation case, if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement to that effect; that it is unnecessary to file claims; and that if sufficient assets become available for the payment of a dividend, further notice will be given for the filing of claims."

ble's case. Trumble argues that, in the absence of a claims-bar date, proofs of claim can be filed at any time and that, consequently, § 523(a)(3)(A) has no application in no-asset cases. We agree. Prefiling debts in a no-asset, no-claims-bar-date chapter 7 case are, with some exceptions, discharged without regard to their inclusion in the petition. See *In re Beezley*, 994 F.2d 1433 (9th Cir. 1993); *In re Thibodeau*, 136 B.R. 7, 10 (Bankr. D. Mass. 1992); *In re Jones*, 191 B.R. 265, 267 (Bankr. D. Mass. 1996).

Trumble maintains that we must grant him summary judgment because Federal law[6] dictates that result. There is more to the issue of dischargeability than Trumble has acknowledged. In a no-asset, no-claims-bar-date case, a debtor may be estopped from asserting discharge in bankruptcy if a creditor can show some misconduct, such as fraud or intentional design, behind the debtor's failure to list the debt in his bankruptcy petition, or if the creditor can show some prejudice from the debtor's failure promptly to notify the creditor of the discharge. See *In re Stark*, 717 F.2d 322, 324 (7th Cir. 1983); *In re Rosinski*, 759 F.2d 539, 542 (6th Cir. 1985). The creditor has the burden of proving estoppel, which usually involves questions of fact. See *In re Raanan*, 181 B.R. 480 (Bankr. C.D. Cal. 1995). State courts have concurrent jurisdiction with bankruptcy courts over issues of dischargeability under 11 U.S.C. § 523(a)(3)(A), including the question of estoppel from pleading discharge. See 28 U.S.C. § 1334(b) (1994); 1983 advisory committee's note to Federal Rule of Bankruptcy Procedure 4007(b); *In re Thibodeau*, 136 B.R. at 10 n.9; *In re Jones*, 191 B.R. at 267-268.

We decline to order summary judgment for Trumble. He failed to set forth in the Superior Court "*with particularity* the grounds . . . and . . . the relief" he now seeks for the first time (emphasis added). Mass.R.Civ.P. 7(b)(1), 365 Mass. 749 (1974). It would not be appropriate to enter an order based upon a complex theory that was not raised in the Superior Court

---

[6]Title 11 U.S.C. § 524(a)(1) (1994) provides:

"(a) A discharge in a case under this title —

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . of this title."

without first affording the Clarks an opportunity to respond by affidavit and argument. *Gamache* v. *City of North Adams*, 17 Mass. App. Ct. at 295-296. See Smith & Zobel, Rules Practice § 56.6, at 353 (1977). There may also be a factual dispute involving the issue of estoppel, an issue the Clarks should be afforded an opportunity to raise.[7] Compare *Good* v. *Commissioner of Correction*, 417 Mass. at 336 n.7.

2. *The statute of limitations.* The bankruptcy issue is dispositive of this appeal. Nevertheless, because we are remanding for further proceedings and the remaining issues may emerge again, we address them. Trumble contends that the cause of action on the promissory note is barred by a six-year statute of limitations, G. L. c. 260, § 2.[8] He argues that, on April 23, 1988, his default on the first interest payment fell overdue more than one month, triggering acceleration of the maturity date which, in turn, caused the statute of limitations to begin running. The statute ran, he concludes, on April 23, 1994, more than three months before this suit was instituted.

The acceleration clause of the note provides:

> "If default be made in the payment of any installment under this note, and if such default is not made good prior to the date of the next installment, the entire principle [*sic*] sum and the accrued interest shall at once become due and payable without notice at the option of the holder of this note. . . . Failure to *exercise this option* shall not constitute a waiver of the right to exercise the same in the event of any subsequent default." (Emphasis added.)

The acceleration clause was not of the self-executing type, as Trumble suggests. Contrast *Henry* v. *First Natl. Bank of Madison*, 212 Wis. 589 (1933) (clause providing "[f]ailure to pay any instalment as the same becomes due shall render the entire obligation then due and payable," made acceleration absolute on the default). The clause at issue here provides that

---

[7]Nothing thus far has been said of the trustee defendant in this case, who is holding money for Trumble representing unpaid commissions from an unspecified time prior to 1992. On remand, the Superior Court may inquire whether this money more appropriately should be an asset of the bankruptcy estate, especially since discharge in bankruptcy, and estoppel, are based on equitable principles.

[8]Because the note was unattested and not under seal, the twenty-year statute of limitations is not applicable. See G. L. c. 260, § 1.

acceleration is at the *option* of the holder, which interjects the right of an election by the holder. This language generally requires the holder to take some action to accelerate maturity, such as making demand for payment or filing suit. See *Trigg* v. *Arnott*, 22 Cal. App. 2d 455, 488 (1937). The option required some affirmative act by the Clarks; there is no evidence that they ever exercised their option.

Trumble contends that the judge erred in her ruling that the Clarks' cause of action did not accrue until February 23, 1989, the day after the note matured pursuant to art. 3 of the Uniform Commercial Code, G. L. c. 106, § 3-122(1)(*a*).[9] That ruling led to the conclusion that the Clarks were entitled to receive all payments due under the note, including interest payments from the date of execution. We agree with Trumble on this issue. The note here is an installment note for a one-year period. There was no acceleration of the maturity date. In these circumstances, "[w]hen an instrument is payable in installments, the cause of action on each installment accrues on the date following the date the installment is due." 4 Hawkland & Lawrence U.C.C. Series § 3-122:02, at 293 (1994). See 5A Anderson, Uniform Commercial Code § 3-122:20 (3d ed. 1994); *Central Home Trust Co.* v. *Lippincott*, 392 So. 2d 931 (Fla. Dist. Ct. App. 1980); Oklahoma Brick Corp. v. *McCall*, 497 P.2d 215, 217 (Okla. 1972) . See also Restatement (Second) of Contracts § 243(3) (1979); *Ewer* v. *Myrick*, 1 Cush. 16 (1848); *Avery* v. *Weitz*, 44 Md. App. 152, 154-155 (1979). The Clarks may not recover installment payments under the note that became due before August 9, 1988, six years before suit was filed.

Anticipating this result, the Clarks contend that the grace period in the note postponed by thirty days the running of the statute of limitations as to each installment, such that only the first four installments are time-barred. The thirty-day grace period only precludes acceleration for that period; it does not govern the date a cause of action accrues as to an installment. Causes of action on the five installment payments due March 22, 1988, through July 22, 1988, are barred by the statute of limitations because they accrued more than six years before this suit was filed.

---

[9]Although not applicable to this action, it is noteworthy that the revised art. 3, which was approved on February 12, 1998, does not contain a separate section on accrual of actions. It does, however, have a new section entitled "Statute of Limitations." St. 1998, c. 24, § 8, art. 3, § 3-118 (approved February 12, 1998).

3. *The contribution claim.* Trumble argues that he may not be held liable to David Clark for contribution on the judgment obtained by the creditor of Status against Status, David Clark, and Trumble because he and David Clark were never partners. Although the complaint alleges that Clark and Trumble "were equal partners in a corporation known as Status Properties, Inc.," Clark's affidavit in support of summary judgment avers that he and Trumble both guaranteed repayment of the Status debt for advertising services. Trumble does not dispute that allegation, and he concedes that coguarantors may be liable to one another for equitable contribution. See *Connor* v. *Craig,* 226 Mass. 255 (1917). However, he contends that his circumstances are distinguishable because he was not of equal rank with Clark, who held the superior position of licensed broker, whereas he, Trumble, was merely a licensed salesman. His reliance on *Stone* v. *Fenno,* 6 Allen 579 (1863), is misplaced. There, the Supreme Judicial Court held that officers of a corporation who had paid a corporate debt were not entitled to contribution from shareholders because the kind and degree of their liability differed: the officers were primarily liable, but the shareholders were only secondarily liable.

Trumble argues that he could not be liable for this advertising debt because, as a salesman, he is forbidden from advertising by 254 Code Mass. Regs. § 2.04(2) (1993). That regulation merely prohibits salespeople from advertising real estate in their own names and requires that it be done in the names of brokers. The advertising debt here was in the name of the corporation. It was not structured, as Trumble suggests, such that Clark was primary obligor. Rather, he and Clark guaranteed the debt as officers of the corporation. As such, their obligations were equal in kind and degree. *Stone* v. *Fenno, supra.* David Clark is entitled to contribution from Trumble because it is undisputed that they both guaranteed a debt of their business corporation. which was paid in full by Clark. This principle is equitable in nature and does not depend upon the terms of the guaranty. See *Nissenberg* v. *Felleman,* 339 Mass. 717, 719 (1959); *Seronick* v. *Levy,* 26 Mass. App. Ct. 367, 372-373 (1988).

Trumble also argues that equitable contribution cannot be accomplished without joinder of all necessary parties and that Status was omitted from these proceedings. Status has been dissolved as an entity, and there is no evidence of any assets it

may have to contribute. Joinder would therefore be futile. See Mass. R.Civ.P. 19(b), 365 Mass. 765 (1974). Further, Trumble never made this argument in the Superior Court, and we need not consider it. See *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977); *Edgar* v. *Edgar*, 406 Mass. 628, 629 (1990). The ruling against Trumble on the issue of contribution was not error.

4. *Merger of obligations.* Trumble's final argument centers on an agreement between Status and Wayside Properties, Inc. (Wayside), regarding a merger of their business operations. He contends that the merger of these businesses resulted in a merger of his debts to the Clarks into the debts of Wayside. The merger agreement does not speak to Trumble's independent debt to the Clarks or to his guaranties to any of Status's creditors. There is no evidence that the Clarks, or any of Status's creditors, agreed to absolve Trumble of any obligation he owed them, or that they otherwise agreed to any novation of his debts. See *Tudor Press, Inc.* v. *University Distrib. Co.*, 292 Mass. 339, 341 (1935). The judge's ruling that Trumble's independent obligations did not merge into obligations of Status or Wayside was not error.

5. *Conclusion.* The judgment of the Superior Court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

*So ordered.*