HISTORIC DISTRICT COMMISSION OF CHELMSFORD *vs.* GEORGE KALOS & another.[1]
No. 98-P-1247. March 15, 2000. *Historic District Commission,* Sign.

After the defendants failed to respond to notices from the historic district commission of Chelmsford (commission) which stated that they had installed a neon sign in a storefront window without prior review or approval, the commission sought injunctive relief in the Superior Court pursuant to G. L. c. 40C, § 13. Acting on the commission's motion for summary judgment, and the pro se defendants' opposition, a judge enjoined the defendants from maintaining the sign.

For purposes of this appeal, it is undisputed that: The defendants, in 1996, installed a neon "OPEN" sign inside a front window of a video store in the Chelmsford historic district; the store was owned by the defendants who had not applied to the commission for a requisite certificate of appropriateness; and the sign was visible from two nearby public ways. A "review standard" promulgated by the commission (§ 4.53) prohibits neon signs entirely and also provides that: "No neon signs will be permitted in or on [a] building or in or on the windows or doors of a building." The defendants do not challenge the validity of the local standard but essentially argue that the commission's attempt to apply that standard to their "interior" sign is in excess of the commission's authority. That authority derives from G. L. c. 40C, the Historic Districts Act, and, at a minimum, encompasses the "exterior architectural features" of buildings and structures within a historic district. See c. 40C, §§ 5, 6, 7, 10(*b*), 11 & 13, as appearing in St. 1971, 359, § 1. An "exterior architectural feature" is defined in c. 40C, § 5, as "such portion of the exterior of a building or structure as is open to view from a public street, public way, public park or public body of water, including but not limited to the architectural style and general arrangement and setting thereof, the kind, color and texture of exterior building materials, the color of paint or other materials applied to exterior surfaces and the type and style of windows, doors, lights, signs and other appurtenant exterior fixtures. . . ."

We discern nothing in the use of the word "exterior" in the definition of an "exterior architectural feature" in c. 40C, § 5, which would require the commission to limit its review only to a sign which is affixed to a building's exterior. In this case, all the features of the sign as would be subject to review if it were externally mounted, essentially are projected through the window, and the mere fact that the sign is mounted on the interior side of the window rather than on its external side does not alter the nature of its exposure to public view. The purpose of the sign, manifestly, was to be seen by the public passing the outside of the store. The visual appearance to the public of certain

---

[1]Howard J. Hall, trustee of Center Mall Realty Trust.

Rescript Opinions.

buildings and their windows is central to the preservation and protection purposes of the Historic Districts Act. Significantly, c. 40C, § 7, provides in pertinent part: "The commission shall not consider interior arrangements or architectural features not subject to public view." It is fair to infer from that provision and the emphasis of c. 40C on that which is subject to public view that the commission may consider interior window arrangements which are intended to be and are visible to the public.

While the pro se defendants asserted certain affirmative defenses in their answers, their memorandum in opposition to the commission's motion for summary judgment was not accompanied by any submissions or argument pursuant to Mass.R.Civ.P. 56, 365 Mass. 824 (1974), raising those defenses. We therefore consider them waived. Contrast *Clark* v. *Trumble*, 44 Mass. App. Ct. 438, 440 (1998).

The Superior Court order enjoining the defendants from maintaining the neon sign without a certificate of appropriateness or a certificate of hardship from the commission is affirmed.

*So ordered.*

*Howard J. Hall*, pro se.
*George Kalos*, pro se.
*Ilana M. Quirk* for the plaintiff.