Greco, J.
Defendant Robert Sweezey (“Sweezey”) has appealed the summary judgment entered in favor of the plaintiff, National Loan Recoveries, Dept. M, LLC, on its claim for recovery of the unpaid balance of a credit card account.
National Loan alleged that it was the assignee of a debt in the amount of $3,268.19 which Sweezey owed on a credit card account. While the name on the credit card was the Caldor department store, the debt was actually owed to Fleet *148 Bank, which serviced the card. Before any responsive pleading was filed by Sweezey, National Loan moved for summary judgment. The motion was accompanied by an affidavit from National Loan’s managing director and copies of various filings in the United States Bankruptcy Court. Sweezey, who was representing himself, responded with what he captioned as a “Motion for Immediate Dismissal.” Sweezey stated therein that the amount of the debt was $1,499.38, and that it had been discharged by the Bankruptcy Court. Despite the caption of Sweezey’s motion, it was apparently treated as both an answer and an opposition to National Loan’s Mass. R. Civ. E, Rule 56, motion. It could also have been deemed a cross-motion for summary judgment. National Loan’s motion was allowed after hearing, and summary judgment was entered in the $3,368.19 amount sought in the complaint. Sweezey filed this Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal.
“Summary judgment is appropriate where there is no genuine issue of material fact and, where viewing the evidence in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law.” Harrison v. Net-Centric Corp., 433 Mass. 465, 468 (2001). “[Sjummary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.” Mass. R. Civ. P., Rule 56(c).
The record before us is unclear in several critical respects, a result perhaps occasioned by National Loan’s understandable desire to obtain a speedy recovery of money it thought was due, coupled with Sweezey’s pro se status. Lack of clarity and summary judgment are incompatible concepts. Only the following can be gleaned from the record: Sweezey owed a debt on a credit card which bore the Caldor name, but which was actually issued and serviced by Fleet Bank; at some point, the balance due on the credit card account was $1,499.38; Fleet Bank assigned its rights under that account to Max Recovery, Inc., which, in turn, assigned the account to National Loan; Sweezey filed for bankruptcy; among other obligations, the bankruptcy papers reflected Sweezey’s debts to BankBoston, in the amount of $3,261.43, and to the plaintiff’s assignor, Max Recovery, in the amount of $1,499.38; neither of those amounts match the credit card balance sought by National Loan herein; and the debt owed to Max Recovery was on Sweezey’s Caldor credit card.
Thus it is initially apparent that the $3,261.43 and $1,499.38 debts are separate and distinct obligations. Further examination of the record renders the status of the $3,268.19 debt at issue in this case even murkier. In support of its summary judgment motion, National Loan argued that Sweezey’s inclusion of the credit card debt in his bankruptcy filings constituted an acknowledgment that he owed the money; and that the debt was never discharged. Conversely, Sweezey argues that the debt was discharged by the Bankruptcy Court. Both parties rely for their contradictory positions- on a single document purporting to be a “FINAL REPORT AND ACCOUNT AND MOTION FOR FINAL DECREE” from the United States Bankruptcy Court in Boston. Any reliance by either party on this document is misplaced. In the FINAL REPORT, the petitioner/trustee asks the Court that she be discharged as trustee and released from any liability. However, the trustee never signed the document. Although at the bottom of the document there is a proposed order with lines for the Bankruptcy Court judge to date and sign, no date or signature appears.
National Loan argues that the FINAL REPORT shows that the bankruptcy proceeding was dismissed and, therefore, that the debt at issue herein was not discharged. The document does indicate when the “Case was commenced,” when the “Plan was confirmed,” and when the “Case was concluded.” Below these dates appear the words “DISMISSED AFTER CONFIRMATION.” Thus even if the document was signed, these notations would not compel the conclusion that the Cal- *149 dor credit card debt was not discharged. It is not evident to us what “DISMISSED AFTER CONFIRMATION” means. Moreover, the same document indicates that the principal on the $3,261.43 obligation to BankBoston was paid by the trustee, and lists the “Unsecured” obligation to Max Recovery of $1,499.38 in the “Amount Allowed” column as well as in the “Discharge Amount” column.
At the very least, the FINAL REPORT is sufficient to indicate that the summary judgment entered herein for $3,268.19 cannot stand. There is no support in the record for an unpaid balance on Sweezey’s Caldor credit card account in that amount. It is conceivable, given the $7.00 difference, that National Loan has confused the debt once owed to BankBoston with the debt on the Caldor credit card. Further, National Loan’s right to collect interest on any debt owed was not established because no credit card agreement signed by Sweezey and providing for the collection of interest at a certain rate was introduced by National Loan. Thus, even if partial summary judgment was deemed appropriate so as to establish Sweezey’s general liability on the Caldor account, the matter would have to be returned to the trial court for a trial on damages. But even as to liability, the uncertainties as to what actually transpired in the bankruptcy proceedings compel the conclusion that National Loan has failed to satisfy its Rule 56 burden of proving that it is entitled to judgment as a matter of law. See Clark v. Trumble, 44 Mass. App. Ct. 438, 440-441 (1998).
Summary judgment for plaintiff National Loan Recoveries is hereby vacated, the allowance of the plaintiffs motion for summary judgment is reversed, and this case is returned to the Malden Division for trial.
So ordered.