JOAN L. FLANNERY *VS.* JILL FALLON FLANNERY, executrix.[1]

Norfolk. December 7, 1998. - February 22, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Divorce and Separation,* Alimony. *Limitations, Statute of. Contract,* Entire and divisible. *Executor and Administrator,* Proceedings commenced after death of decedent. *Res Judicata.*

A claim for alimony payments under a support agreement, brought under G. L. c. 197, § 13, against the estate of the deceased former husband more than five years after his death but before the estate was fully administered, was barred by the one-year limitations period set forth in G. L. c. 197, § 9 (*a*), with respect to payments that accrued during the one-year period after the former husband's death, but not with respect to payments that accrued thereafter. [57-59]

CIVIL ACTION commenced in the Superior Court Department on December 29, 1993.

Questions of law were reported to the Appeals Court by *Paul A. Chernoff,* J., on a statement of agreed facts. The Supreme Judicial Court transferred the case from the Appeals Court on its own initiative.

*Whitton E. Norris, III,* for the plaintiff.

*Mary P. Harrington* (*Jill E. Fallon* with her) for the defendant.

IRELAND, J. This case raises the question whether a former wife's action for contracted-for alimony, commenced five years after the death of her former husband, is governed by the one-year limitation period in G. L. c. 197, § 9 (*a*), or by G. L. c. 197, § 13, which provides a limitation period that expires when the decedent's estate has been fully administered. We conclude that the plaintiff's claim for alimony due during the year following the decedent's death is time-barred by G. L. c. 197, § 9 (*a*), but that G. L. c. 197, § 13, does not preclude the plaintiff from asserting her claim for alimony payments due

[1]Of the estate of John J. Flannery.

after the one-year limitation period of G. L. c. 197, § 9 (*a*), has expired.

1. *Facts*. The material facts are undisputed. Joan L. Flannery (plaintiff) and John J. Flannery (decedent) were divorced in 1971. The plaintiff was awarded support in the amount of $135 a week pursuant to an agreement between the parties that was incorporated into the divorce judgment. The agreement provided that the decedent's support obligation would terminate on the plaintiff's death or remarriage. The agreement was made "binding upon the parties . . . and their respective heirs, executors, administrators, successors and assigns." In May, 1987, the plaintiff and the decedent entered into a stipulation to modify the agreement (modification agreement), which provided, in part, that beginning June 1, 1987, the decedent would pay the plaintiff $250 weekly for a ten-year period. Payments would terminate on the plaintiff's death or remarriage. The weekly instalments were regularly paid to the plaintiff until the decedent's death on December 23, 1987. No weekly payments have been made since that time.

In January, 1993, the plaintiff filed a petition in the Probate and Family Court pursuant to G. L. c. 197, § 13. On December 9, 1993, the court found that the plaintiff held a claim in the amount of $122,750. Pursuant to G. L. c. 197, § 13, the court ordered the legal representative of the decedent's estate (defendant) to reserve sufficient assets in the estate to satisfy the plaintiff's claim. To date, the decedent's estate has not been settled.

On December 29, 1993, the plaintiff filed the present action in the Superior Court seeking 312 weeks of alimony payments and an order of specific performance for the remaining four years. Both parties moved for summary judgment. Resolution of the summary judgment motions is pending because the parties filed a statement of agreed material facts and a joint request that the Superior Court report three questions to the Appeals Court.[2] Thereafter, the case was reported to the Appeals Court, pursuant

[2]The reported questions read as follows:

"1. Whether the statute of limitations of Mass. Gen. Laws c. 197, § 9 (a), limits to one-year from the date of a decedent's death the time period in which the former wife of the decedent is required to sue the decedent's representative on a contract to recover weekly alimony obligations that survive the death of the decedent and fall due thereafter?

"Only in the event that the answer to Question 1, above, is NO, then:

to Mass. R. Civ. P. 64 (a), as amended, 423 Mass. 1403 (1996), and we transferred the case to this court on our own motion.

2. *Discussion.* The primary issue is whether the one-year statute of limitations of G. L. c. 197, § 9 (*a*), bars the plaintiff's claim under G. L. c. 197, § 13. We conclude that G. L. c. 197, § 13, does not bar the plaintiff's claims arising after the one-year limitation period found in § 9. Discussion of the other questions reported is unnecessary because our holding resolves the dispositive issue for the Superior Court. The plaintiff has raised an additional issue whether the Probate Court's allowance of her petition under G. L. c. 197, § 13, has res judicata effect. This argument is not persuasive.

a. *General Laws c. 197, §§ 9 (a) and 13.* Two statutes of limitations are at issue here. General Laws c. 197, § 9 (*a*), provides, in pertinent part, that "an executor or administrator shall not be held to answer to an action by a creditor of the deceased" that is not "commenced within one year after the date of death of the deceased." The one-year statute of limitations expedites the settlement of estates, and protects the interests of both the creditors and administrators. See *Department of Pub. Welfare* v. *Anderson*, 377 Mass. 23, 28 (1979). General Laws c. 197, § 13, prescribes the method by which a creditor of the deceased, whose right of action shall not accrue within one year after the date of the decedent's death, may preserve a claim against the decedent's estate. Relief by way of an order for the retention of assets can be had by a "creditor of the deceased, whose right of action shall not accrue within one year after the date of death of the deceased" if such creditor presents "his claim to the probate court at any time before the estate is fully administered" and if "the court shall find that such claim is or may become justly due from the estate." G. L.

"2. Whether Mass. Gen. Laws c. 197, § 9 (a), bars an action on a contract in favor of a decedent's former wife for weekly alimony obligations that survive the death of the decedent and fall due under the contract terms *within one year* following the date of death of the decedent, when such action is filed and served more than one year after the date of the decedent's death?

"3. Whether Mass. Gen. Laws c. 197, § 9 (a), bars an action on a contract in favor of a decedent's former wife for weekly alimony obligations that survive the death of the decedent, but that do not fall due under the contract term until *more than one year* following the date of death of the decedent, when such action is filed and served more than one year after the date of the decedent's death." (Emphasis in original.)

c. 197, § 13. See *First Nat'l Bank* v. *Nichols*, 294 Mass. 173, 175 (1936).

b. *Divisible contracts.* We conclude that the plaintiff's contract with the decedent is divisible. Thus, § 9 (*a*) bars only the portion of the claim that accrued during the first year after the decedent's death.

A divisible contract contemplates performance divided into differing parts, with separate consideration provided for each. See *Bianchi Bros.* v. *Gendron*, 292 Mass. 438, 444 (1935). When the statute of limitations for a breach of contract begins to run depends on whether the contract is entire or divisible. See 18 S. Williston, Contracts § 2021A, at 697 (3d ed. 1978). Where an obligation is payable in instalments, the general rule is that the applicable statute of limitations begins to run against the recovery of each instalment from the time it becomes due. See *McDade* v. *Moynihan*, 330 Mass. 437, 439 (1953) (each breach of contract gives rise to a separate cause of action). In the present case, even though one contract provided all the terms between the parties, the agreement was divisible because it provided for payments in instalments. Thus, the statute of limitations did not begin to run for unmatured claims, i.e., the payment of instalments due when the defendant's estate was obliged to make each weekly payment. See *Westminster Nat'l Bank* v. *Graustein*, 270 Mass. 565, 587 (1930), and cases cited.[3]

c. *Accrual of the plaintiff's claims.* We conclude the plaintiff's right of action on the weekly payments due in the first year after the decedent's death accrued within one year after his death. Thus, the plaintiff's claims for the past due alimony attributable to the one-year period following the decedent's death fail by operation of G. L. c. 197, §§ 9 and 13. Nothing in either of those provisions, however, precludes her claims for amounts due as alimony payments after that time.

The general rule in breach of contract cases is that a cause of action accrues when the contract is breached. See *Campanella & Cardi Constr. Co.* v. *Commonwealth*, 351 Mass. 184, 185

---

[3]In other jurisdictions, where a divorce decree provides for the payment of alimony in instalments, the right to enforce payment accrues and the statute of limitations begins to run on each instalment from the time fixed for its payment. See, e.g., *Leonard* v. *Kleitz*, 155 Kan. 626 (1942); *Richter* v. *Richter*, 126 N.W.2d 634 (N.D. 1964); *Catlett* v. *Catlett*, 412 P.2d 942 (Okla. 1966); *Cogswell* v. *Cogswell*, 178 Or. 417 (1946); *Simmons* v. *Simmons*, 67 S.D. 145 (1940); *Mosher* v. *Mosher*, 25 Wash. 2d 778 (1946).

(1966). Thus, not all the plaintiff's claims are barred by § 9 (*a*), because her cause of action did not entirely accrue within the year following the decedent's death. In the present case, when the defendant's estate failed to make a weekly payment, a separate cause of action accrued for each payment. Thus, the plaintiff's right of action for only some payments accrued within the year following the decedent's death. The defendant's default, therefore, does not render the plaintiff's entire claim barred by the one-year time limitation of § 9 (*a*). The claim also is covered under G. L. c. 197, § 13, which allows the plaintiff to present her claim to the Probate Court for payments due at any time after the first year, but before the estate is finally administered.

d. *Res judicata.* The plaintiff argues that the probate decree is binding and conclusive, and, thus, res judicata bars the defendant's claim. We do not find this argument persuasive. General Laws c. 197, § 14, explicitly states that the Probate Court's decision is not conclusive unless proved through an action.[4]

3. *Conclusion.* Because G. L. c. 197, § 9 (*a*), bars the plaintiff's claim one year from the date of the decedent's death, the plaintiff may not recover alimony payments which accrued within the year after the decedent's death. Under G. L. c. 197, § 13, however, the plaintiff may maintain an action for alimony payments arising more than one year after the decedent's death but prior to the final administration of the decedent's estate.

*So ordered.*

---

[4]General Laws c. 197, § 14, provides that: "The decision of the probate court upon the claim of such creditor shall not be conclusive against the executor or administrator or other person interested to oppose the allowance thereof, and he shall not be compelled to pay the same unless it is proved to be due in an action commenced by the claimant within one year after his claim becomes payable, or, if an appeal is taken from the decision of the probate court, in an action commenced within one year after the final determination of the proceedings thereon."