Fecteau, J.
Plaintiff, Marc E. Wilder, II (Wilder, Jr.) filed this action against his father, Marc E. Wilder, Sr. (Wilder, Sr.) and his sister, Jane M. Campbell (Campbell) to recover, under various legal theories, $41,645.00 allegedly misappropriated from him while he was in prison. The matter is now before the court on Campbell’s motion for partial summary judgment *563 pursuant to Mass.R.Civ.P. 56(c). In short, Campbell argues that “paragraph" V of Wilder, Jr.’s complaint, based on a “fraudulent loan,” is time barred. This court agrees and, for the following reasons, ALLOWS her motion.

BACKGROUND

[2]

The facts, viewed in the light most favorable to the nonmoving party, are set forth below. See Dasha v. Adelman, 45 Mass.App.Ct. 418, 421 (1998); Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 539 (1995). On February 27, 1987, Wilder, Jr. was convicted and sentenced to a prison term of twenty (20) years. In April 1987, Campbell visited Wilder, Jr. at Bridgewater State Hospital to ask him for a $900.00 loan. Wilder, Jr. agreed. Campbell then produced a pre-typed letter, allegedly in the form of a “note,” instructing Gertrude M. Wilder, Campbell and Wilder, Jr.’s mother, to withdraw $900.00 from his savings account.[3] After Campbell left her visit with Wilder, Jr., but prior to delivering the “note” to their mother, she altered the note to reflect a withdrawal of $9,000.00 and not $900.00 from his account.
On April 24, 1987, Wilder, Jr.’s mother withdrew $9,000.00 from his account and delivered it to Campbell.
On or about November 1989, Wilder, Jr. was transferred to Concord State prison. Shortly thereafter, his mother and Campbell visited him. At this November visit, Wilder first learned that Campbell had changed the amount of the note from $900.00 to $9,000.00 and that his mother had actually withdrawn $9,000.00 from his account. Wilder, Jr. agreed that he would “give [Campbell] one last chance,” and would forego legal action. In return, Campbell promised to make every effort to repay him what she owed.[4] Evidently, and ostensibly because Wilder, Jr. was imprisoned, Campbell was to deposit her payments directly into his bank account.
Wilder, Jr. believed and relied on her promise.
Sometime in 1994, Campbell “took control” of Wilder, Jr.’s passbook account without his consent or knowledge. Beginning in August 1996, Wilder, Jr. made efforts to obtain information about his account from the bank, but the bank denied his requests. And, on December 2, 1996, he filed, pro se, a complaint against Campbell. Wilder, Jr. subsequently hired a lawyer, and in January 1997, obtained a complete history of his account. It was at this time, much to his surprise, that he first learned that Campbell had not been making any payments into his account, despite her promise to do so.
Wilder, Jr. filed an amended complaint on May 19, 1997, adding “paragraph” V to recover on the altered “note.”[5]
Campbell now moves for summary judgment on “paragraph” V on the grounds that it was untimely filed, and brought after the expiration of the applicable statute of limitations period. Wilder, Jr. argues that the limitations period began to run, not in November 1989 when he admittedly became aware of Campbell’s alteration of the “note,” but rather in 1996 or 1997 when he first learned that Campbell had not repaid her debt. In the alternative, he argues that the statute of limitations was tolled while he is in jail. For the reasons set forth in the paragraphs that follow, this court finds that Campbell has the better of the argument.

DISCUSSION

1. Standard of Review
The summary judgment standard is well established. Specifically, it is granted where (1) there are no genuine issues of material fact and (2) where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine dispute of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A pariy moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of the claim at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Expiration of the applicable statute of limitations is properly the subject of motions for summary judgment. See Brick Constr. Corp., v. CEI Dev. Corp., 46 Mass.App.Ct. 837, 840-41 (1999) (affirming grant of summary judgment in favor of defendant based on expiration of statute of limitations).
n. Merits of Defendant’s Motion for Partial Summary Judgment
As aforesaid, Campbell argues that the statute of limitations bars Wilder, Jr.’s action (whatever it might be) set forth in “paragraph” V of his amended complaint. Statutes of limitation are procedural devices, which “normally govern!] the time within which legal proceedings must be commenced after the cause of action accrues.” McGuinness v. Cotter, 412 Mass. 617, 621-22 (1992), citing Klein v. Catalano, 386 Mass. 701, 702 (1982). A cause of action generally begins to accrue on the date of the plaintiffs injury, or the date that the injury is, or reasonably should have been, discovered. Id., citing Klein, supra at 708. Where the underlying action is one for breach of contract, the action accrues when the contract is breached. See Flannery v. Flannery, 429 Mass. 55, 58 (1999).
In this case, it is immaterial whether the underlying “paragraph” V asserted relief under a theory of tort or *564 breach of contract. The result is still the same. Since it is undisputed Wilder, Jr. knew that he was injured by Campbell’s alteration of the “note” in November 1989, he was obligated to file suit within either three years, G.L.c. 260, §2 (tort theory) or within six years, G.L.c. 260, §2A (breach of contract theory). At the latest, Wilder, Jr. should have sought relief by November 1995. This he did not do. The law demands that he pay a price for such delay.
Wilder, Jr. intimates, however, that, in essence, he was lulled into believing that Campbell would make good on her “promise” to repay him, and as a result, the limitations period should be tolled and extend to the time he discovered she had not repaid him. This argument is meritless and misconstrues the intent behind the discovery rule, namely to afford injured plaintiffs who could not have discovered their injury until a later time. Here, Wilder, Jr. knew that Campbell had allegedly misappropriated $8,100.00 in November 1989; he did not have to wait to discover anything. Furthermore, given her prior alleged deception of altering the “note,” and Wilder, Jr.’s statement that he no longer trusted her, he had a duly to confirm Campbell’s promises by taking affirmative steps to monitor her payments. That he was incarcerated does not change this conclusion.[6]
Wilder, Jr. further argues that by taking control over his bank account, Campbell fraudulently concealed his cause of action, thereby tolling the limitations period. See G.L.c. 260, §12. This argument is equally unconvincing. As evidenced by his discovery of Campbell’s malfeasance in January 1997, although he was incarcerated and although it may have been difficult, this court could reasonably infer that Wilder, Jr. had the means, and the ability, to monitor her deposits into his account prior to the expiration of the statute of limitations. See Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 521 n. 27 (1997) (even where a claim of fraudulent concealment does not involve a breach of fiduciary duty, actual knowledge is imputed to the plaintiff in instances where he is provided with the means to ascertain the facts).
At the most, the evidence reveals only that Campbell controlled his bank account; she did not prevent him from discovering that she had not been repaying her debt. The law provides no relief to those who sit on their hands and otherwise fail to preserve their rights.
Based on the foregoing, while factual issues relative to the statute of limitations are, in some instances, better left for the trier of fact, see Riley v. Presnell, 409 Mass. 239, 248 (1991), this is not the case here. Wilder, Jr. had not only actual knowledge that Campbell had misappropriated at least $8,100.00 from him in November 1989, but also the ability to ascertain the facts which would have articulated a cause of action. Affording even the longest limitations period, six years for actions sounding in breach of contract, G.L.c. 260, §2, Wilder, Jr.’s “paragraph” V must fail. Summary judgment in Campbell’s favor on “paragraph” V is therefore warranted.
It is so ordered.
ORDER
It is hereby ORDERED that defendant, Jane M. Campbell’s motion for partial summary judgment is ALLOWED.

According to Superior Court Rule 9A(b)(5), “Each motion for summary judgment shall be accompanied by a concise statement, in consecutive numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried, with page or paragraph references to supporting pleadings, depositions, answers to interrogatories, admissions and affidavits and a statement of the legal elements, with citations to supporting law, of each claim upon which summary judgment is sought. Failure to include the foregoing statement shall constitute grounds for denial of the motion. Each opposition to a motion for summary judgment shall include a response, using the same paragraph numbers, to the moving party’s statement of facts as to which the moving party claims there is no genuine issue to be tried . . . For purposes of a motion for summary judgment, facts contained in a statement described in the first paragraph hereof shall be deemed to have been admitted unless controverted in the manner set forth in the second paragraph.” Here, there is no question that both the moving and nonmoving parties failed to comply with this Rule. Nonetheless, this court has chosen to consider Campbell’s motion. Future such motions (and oppositions thereto), however, must comply with this Rule. The Background has been taken from affidavits filed by the parties and from the underlying pleadings.

It is unclear why, exactly, Campbell produced a letter instructing Wilder, Jr.'s mother to withdraw $900.00 from his account. Based on a close reading of the underlying pleadings, this court infers that Gertrude M. Wilder was Wilder, Jr.’s attorney-in-fact acting under a durable power of Attorney.

It is unknown whether Campbell established a repayment plan, or schedule within which to repay her debt to her brother. It should further be noted, however, that at this November 1989 meeting, Wilder, Jr. also stated to both his mother and Campbell that he could no longer trust Campbell.

It should be noted that the grounds of recovery set forth in “paragraph” V are vague and ambiguous at best. Nonetheless, this court is able to infer the bases of recovery asserted therein. Specifically, this court could reasonably find, without too much of a stretch, that Wilder, Jr. seeks to recover on causes of action sounding alternatively in fraud, false pretenses, forgery, conversion, misrepresentation, deceit, larceny, or breach of contract, just to name a few. Future complaints must distinguish and separate each such cause of action into consecutively numbered paragraphs. See Mass.R.Civ.P. 9 (pleading special matters) and 10 (form of pleadings).

Contrary to his assertion, his incarceration was not a disability to toll the limitations period. See G.L.c. 260, §7, as amended by St. 1987, c. 198 and c. 522, §19 (deleting "imprisonment” as a form of disability). Moreover, since his cause of action arose after the effective date of the amendment, the present statute as written binds him.