# United States Court of Appeals
## For the First Circuit

No. 00-1305

HERBERT G. BEREZIN
as general partner in the
Riverplace Apartments Limited Partnership,

Plaintiff, Appellant,

v.

REGENCY SAVINGS BANK,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Lynch, Circuit Judge,

Coffin, Senior Circuit Judge,

and Lipez, Circuit Judge.

Valeriano Diviacchi, with whom Diviacchi Law Office was on brief for plaintiff.
Kevin C. Maynard, with whom Mark D. Cress and Bulkley, Richardson and Gelinas, LLP were on brief for defendant.

December 7, 2000

**LIPEZ, <u>Circuit Judge</u>**. Herbert Berezin appeals from the judgment of the district court dismissing his complaint against Regency Savings Bank ("Regency"). Claiming that an error in a promissory note's recitation of the interest rate resulted in overpayments, Berezin seeks to recover nearly $1 million in interest payments he made to Regency. The district court granted Regency's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), ruling that the "clear and unambiguous" terms of the promissory note precluded consideration of any contrary terms in the commitment letter relied upon by Berezin. Because we conclude that Massachusetts law permits the consideration of extrinsic evidence when one party to a contract alleges a mutual mistake in its terms, we vacate the judgment of the district court.

## I. Background

We may affirm a dismissal for failure to state a claim "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." <u>Correa-Martinez</u> v. <u>Arrillaga-Belendez</u>, 903 F.2d 49, 52 (1st Cir. 1990). In making this determination, we accept the well-pled facts of Berezin's complaint as true and draw every reasonable

inference in his favor.  See Langadinos v. American Airlines,

Inc., 199 F.3d 68, 69 (1st Cir. 2000).  Accordingly, we recount

the facts as Berezin has alleged them.

The original parties to this transaction, Herbert
Berezin, as general partner of Riverplace Apartments Limited
Partnership, and Bank of New England ("BNE"), signed a
commitment letter on February 8, 1988 for a $4.5 million loan to
finance the Partnership's acquisition and renovation of
properties for low and moderate income housing.  They executed
a note for the loan on March 11.  BNE sold the note to Fleet
Bank in 1991, and Fleet sold the note to the defendant in this
action, Regency Savings Bank ("Regency"), in February, 1998.
The commitment letter of February 8 recites that, after three
years, the rate of interest on the loan would be the interest
rate of three-year United States Treasury notes, plus 2.5
percent.  Significantly, the commitment letter does not provide
for a minimum interest rate.  The promissory note, however,
specifies that the interest rate will not drop below ten
percent.

On August 1, 1992, the interest rate for three-year
Treasury notes fell below 7.5 percent for the first time since
the execution of the note, dropping to 7.47 percent.  Under the
terms of the commitment letter, Berezin would have been entitled

to an interest rate of 9.97 percent at that time. However, according to the terms of the promissory note -- setting the interest rate at a minimum of ten percent -- Berezin continued to pay ten percent interest on the loan. He alleges that this provision in the note is in error, and that he has paid excess interest "of at least $972,636.00" because of this mistake.

During the time that it owned the note, Fleet Bank brought two errors to Berezin's attention: one involved an alleged mistake in the maturity date, while the other involved the omission of a demand provision that had been in the commitment letter but was not contained in the note. In both instances, Berezin agreed to a written modification to the note to reflect the terms of the commitment letter and the understanding of both parties. Berezin proffers these written modifications as evidence that other mistakes existed in the executed note, comparable to the interest rate error.

In support of its motion to dismiss pursuant to Rule 12(b)(6), Regency argued that the interest rate provision of the note was unambiguous on its face and the parol evidence rule barred the consideration of extrinsic evidence, including the terms of the commitment letter, to establish the rate. Regency claimed, in the alternative, that Berezin's claim was time-barred.

Following a hearing, the district court granted Regency's motion to dismiss. Because the court found for Regency on the application of the parol evidence rule, it did not reach the issue of whether the statute of limitations bars Berezin's claim. We conclude that Berezin's claim of mutual mistake survives a motion to dismiss, and that his claim is not barred by the statute of limitations.

## II. Mutual Mistake

We begin with Berezin's allegation in his complaint that the promissory note reflects a mutual mistake of the parties with respect to the interest rate. Paragraph six of his complaint states:

> The note contained <u>a significant error and discrepancy</u> from the commitment letter in that it did not clearly make it known that the interest rate on the loan would go below ten percent per annum and in fact that the interest rate was required to be adjusted to below 10% to a rate 2.5 percent per annum above the three year Treasury Note rate with no ten percent minimum rate.

(Emphasis added). Berezin also described the two other mistakes in the note, brought to his attention by Fleet, and modified by written agreement to reflect the terms specified in the commitment letter. Paragraph 11 of his complaint quotes from a letter written to Berezin by Fleet about one of those

discrepancies, in which Fleet noted that certain language "was unintentionally omitted from the promissory note." Additionally, the complaint avers that Berezin did not become aware of the alleged error in the interest rate until July, 1999. In his memorandum in opposition to Regency's motion to dismiss, Berezin reiterated these allegations, claiming that, "[u]nintentionally and without agreement of the parties, the terms of the note differed from the terms of the commitment letter." Berezin has continued to articulate this theory of mutual mistake on appeal, claiming in his brief that the note contained "a significant error and discrepancy."

In granting Regency's motion to dismiss the complaint, the district court invoked the familiar precept that the parol evidence rule bars consideration of extrinsic evidence to contradict the terms of an unambiguous, fully-integrated written instrument. See, e.g., ITT Corp. v. LTX Corp., 926 F.2d 1258, 1261 (1st Cir. 1991) ("Under Massachusetts law, parol evidence may not be admitted to contradict the clear terms of an agreement, or to create ambiguity where none otherwise exists."); see also Governor Apartments Inc. v. Carney, 173 N.E. 287, 289 (Mass. 1961). The district court explained its reasoning as follows:

> In summary, to countenance plaintiff's complaint the court would have to ignore the

-6-

parol evidence rule. The controlling document in this case is the note signed by the plaintiff and the defendant's predecessor in interest. Plaintiff simply cannot rely on an inconsistent prior written communication -- here, the commitment letter -- to alter the terms of the note. Since the terms of the note are clear and unambiguous, they control and require dismissal of plaintiff's lawsuit.

In part, perhaps, because Berezin's complaint does not identify by name his theory of "mutual mistake," the district court's ruling overlooks the possibility that the promissory note could be reformed if Berezin provided sufficient evidence that the parties had made a mistake in the note's description of the interest rate. Nonetheless, we must accept all of the facts in the complaint as true, and indulge all reasonable inferences in Berezin's favor. See Langadinos, 199 F.3d at 69. Viewed in light of these liberal requirements, we find that Berezin has articulated an adequate basis for review of his claim based on a theory of mutual mistake. See Connecticut Gen. Life Ins. Co. v. Universal Ins. Co., 838 F.2d 612, 622 (1st Cir. 1988) (noting that "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief," but that "[i]t is not necessary to set out the legal theory on which the claim is based") (quotations omitted); see also Schott Motorcycle Supply, Inc. v. American Honda Motor Co., 976 F.2d

58, 62 (1st Cir. 1992) (stating, "Rule 8 [of the Federal Rules of Civil Procedure] does not require a party to specify its legal theory of recovery" so long as the complaint implicates the relevant legal issues). Significantly, Regency has never argued that Berezin's complaint does not adequately identify a theory of mutual mistake.

Massachusetts law permits reformation of written contracts where one party has alleged a mutual mistake in the terms of the agreement. "If the language of a written instrument does not reflect the true intent of both parties, the mutual mistake is reformable." Polaroid Corp. v. Travelers Indemnity Co., 610 N.E.2d 912, 917 (Mass. 1993). See also Mickelson v. Barnet, 460 N.E.2d 566, 569 (Mass. 1984) (finding "a mutual mistake is reformable" where "the language adopted by the parties did not reflect their true intent"). Under these circumstances, the parol evidence rule does not bar consideration of extrinsic evidence of the parties' actual intent.[1] See Polaroid Corp., 610 N.E.2d at 917; Mickelson, 460

---

[1] The district court was concerned that Berezin was asking for a ruling that the commitment letter itself, and not the promissory note, was the binding legal document between the parties. The court stated at the hearing on the motion to dismiss: "I don't understand how you can go back to the commitment letter and attempt to enforce the commitment letter as an independent contract." In fact, however, the commitment letter would simply be part of the extrinsic evidence proffered by Berezin to substantiate his allegation of mutual mistake.

N.E. at 570. This doctrine of reformation is driven by respect for the parties' intent and "gives effect to the terms mutually agreed upon by the parties." Southeastern Ins. Agency, Inc. v. Lumbermens Mut. Ins. Co., 650 N.E.2d 1285, 1288 (Mass. App. Ct. 1995). See also Restatement (Second) of Contracts, § 155 cmt. a (1981) (noting that reformation on grounds of mutual mistake "make[s] a writing express the agreement that the parties intended it should.").

Nonetheless, mindful of the parol evidence rule, which "bars the introduction of prior or contemporaneous written or oral agreements that contradict, vary, or broaden an integrated writing," Kobayashi v. Orion Ventures, Inc., 678 N.E.2d 180, 184 (Mass. App. Ct. 1997), the Massachusetts courts have required a party to present clear and convincing evidence before reforming a contract on the grounds of mutual mistake. See Polaroid, 610 N.E.2d at 917 (requiring "full, clear, and decisive proof of mistake"); Covich v. Chambers, 397 N.E.2d 1115, 1120 (Mass. App. Ct. 1979) (upholding "the stricter test of clear and convincing proof"); see also Restatement (Second) of Contracts, § 153 cmt. a (noting, "because mistakes are the exception rather than the rule, the trier of the facts should examine the evidence with particular care" when a party attempts to prove mistake). This standard of proof strikes an appropriate balance between the

parol evidence rule and the importance of ensuring that a written agreement reflects the true intent of the parties.

In summary, given the allegations in the complaint, and the applicable Massachusetts law, we cannot conclude that "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory."  Correa-Martinez, 903 F.2d at 52.[2]

### III. The Statute of Limitations

The district court declined to rule on Regency's statute of limitations argument because it found the parol evidence rule dispositive in dismissing Berezin's complaint. Having determined that Berezin's complaint is not barred by the parol evidence rule, we must decide whether Berezin's claim is barred by the statute of limitations.  We conclude that Berezin's suit is not time-barred.

The statute of limitations in an action for breach of contract in Massachusetts is six years.  See Mass. Gen. Laws,

---

[2] Because Regency did not make the argument in its motion to dismiss or on appeal, we do not consider the effect on plaintiff's mutual mistake claim of any special status that Regency may have as the second purchaser of the note.  See, e.g., Restatement (Second) of Contracts, § 155 cmt. f ("The claim of a mistaken party to reformation, being equitable in its origin, is subject to the rights of good faith purchasers for value and other third parties who have similarly relied on the finality of a consensual transaction in which they have acquired an interest in property.").

ch. 260 § 2; see also City of New Bedford v. Lloyd Investment Assoc., Inc., 292 N.E.2d 688, 688 (Mass. 1973). "When the statute of limitations for a breach of contract begins to run depends on whether the contract is entire or divisible." Flannery v. Flannery, 705 N.E.2d 1140, 1143 (Mass. 1999). If an obligation is payable in installments, the statute of limitations begins to run against the recovery of each installment from the time it becomes due. See id.; Clark v. Trumble, 692 N.E.2d 74, 79-80 (Mass. App. Ct. 1998). This rule applies even where one contract provides all the terms of the agreement between the parties, so long as the contract requires that the payments be made in installments. See Flannery, 705 N.E.2d at 1143. A contract need not specifically reference installments to be deemed an installment contract. See, e.g., Allan R. Hackel Org., Inc. v. American Radio Sys. Corp., No. 980335, 2000 WL 281689, at * 2 (Mass. Super. Ct. Jan. 12, 2000) ("The parties' actual performance, which has been over time, is a reliable indication that this [is] an installment contract.").

The promissory note provides that the interest and principal shall be payable on a monthly basis. Massachusetts courts have characterized such agreements as installment contracts. See, e.g., Clark, 692 N.E.2d at 79 (finding, "[t]he note here is an installment note for a one-year period" where

interest was due in monthly payments and the principal balance was due in full one year after execution of the note); Chambers v. Lemuel Shattuck Hosp., 669 N.E.2d 1079, 1081 (Mass. App. Ct. 1996) (treating injured employee's weekly cash benefits as an installment contract and considering "each alleged violation of the continuing weekly payment obligation a new claim for statute of limitations purposes.").  Pursuant to these precedents, we conclude that the promissory note is an installment contract. Accordingly, the statute of limitations for the recovery of each installment under the note runs from the time it becomes due. See Flannery, 705 N.E.2d at 1143.  Because Berezin filed his complaint on September 14, 1999, his claim is timely for those interest payments he made within the six-year statute of limitations period.[3]

---

[3] As an alternative to his theory that the promissory note is an installment contract, and as a basis for even avoiding the six-year statute of limitations period, Berezin argues that his claim is timely pursuant to Mass. Gen. Laws ch. 260, § 36.  That provision allows a defendant to file a compulsory counterclaim for recoupment without regard to the statute of limitations. However, § 36 is plainly not applicable to the instant situation because Berezin is not filing a compulsory counterclaim in response to an action initiated by Regency.  Berezin has provided no authority for the proposition that § 36 is a proper basis for disregarding or extending the statute of limitations in these circumstances, where Berezin is the plaintiff and there was no initial claim filed by Regency.  Indeed, as we have noted, recoupment, which is the essence of a counterclaim pursuant to § 36, is "in the nature of a defense."  United Structures of America, Inc. v. G.R.G. Eng'g, S.E., 9 F.3d 996, 999 (1st Cir. 1993).  Therefore, § 36 is not properly asserted

**<u>Judgment vacated.  Remanded for further proceedings.</u>**

---

by a plaintiff as authority for avoiding the statute of limitations.