Doris H. GONZALEZ RODRIGUEZ,
et. al., Plaintiffs

v.

Zoe Laboy ALVARADO,
et. al., Defendants.

No. CIV. 99–2314 PG.

United States District Court,
D. Puerto Rico.

March 14, 2001.

Edwin Prado–Galarza, Santurce, PR, for Dora H. Gonzalez–Rodriguez, Noel Sierra–Gonzalez, Jessica Sierra–Gonzalez, Bryan Luis Sierra–Cleaver, plaintiffs.

Jo–Ann Estades–Boyer, Department of Justice of PR, Federal Litigation Div., San Juan, PR, for Zoe Laboy, Carmen Feliciano, Edna Tirado, Julio Rosa–Correa, Mr. Cancel, Hilario Diaz–Cordero, John Doe 99CV2314, Richard Roe 99CV2314, Jane Doe 99CV2314, defendants.

### OPINION & ORDER

PEREZ–GIMENEZ, District Judge.

In the early hours of December 18, 1998 Luis Sierra Gonzalez died while under the custody of the Puerto Rico Corrections Department. Decedent's mother, brother, sister and son brought suit under 42 U.S.C. § 1983; the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd(a) & (b); and Article 1802 of the Puerto Rico Civil Code.

Before the Court is Defendants' Motion to Dismiss and Plaintiffs' Opposition. In their motion co-defendants' argue that the federal claims should be dismissed because (1) Plaintiffs' lack standing to sue under 42 U.S.C. § 1983 and (2) the Eleventh Amendment bars suits against Defendants in their official capacity.

Plaintiffs' in opposition respond by (1) admitting that plaintiffs Noel Sierra and Jessica Sierra do not have standing to bring personal claims under § 1983(2) arguing that Dora Gonzalez (mother of decedent) and Bryan Sierra (decedent's son) comply with the standing requirements and (3) indicating that the Eleventh Amendment defense does not apply since Defendants are being sued in their personal capacity [1].

### MOTION TO DISMISS STANDARD

When ruling on a 12(b)(6) motion a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiffs' favor. *Berezin v. Regency Sav. Bank,* 234 F.3d 68, 70 (1st Cir.2000); *Negron–Gaztambide v. Hernandez–Torres,* 35 F.3d 25, 27 (1st Cir. 1994). A Court should not dismiss a complaint for failure to state a claim unless it is clear that plaintiff will be unable to recover under any viable theory. *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank,* 958 F.2d 15, 17 (1st Cir.1992). However, a court will not accept plaintiff's "unsupported conclusions or interpretations of law". *Washington Legal Found. v. Massachusetts Bar Found.,* 993 F.2d 962, 971 (1st Cir.1993).

### DORA H. GONZALEZ DOES NOT COMPLY WITH STANDING REQUIREMENTS

In their opposition Plaintiff's contend that Dora H. Gonzalez, the mother of the deceased, has standing to bring a § 1983 suit because Defendants' actions were aimed at her family relationship with her son. The Court disagrees.

There is no absolute constitutional right to enjoy the companionship of one's family members free from all encroachments by the state. *Soto v. Flores,* 103 F.3d 1056, 1062 (1st. Cir.1997); *Valdivieso Ortiz v. Burgos,* 807 F.2d 6, 8 (1st Cir.1986). The death of a family member will not ordinarily give those still alive a cognizable due process claim under § 1983. *Serrano–Moran v. Toledo Davila,* No. Civ. 96–1383 SEC, 1998 WL 167032, at *4 (D.P.R. March 31, 1998). "The First Circuit does not recognize a parent's or sibling's right to maintain a § 1983 action for

---

1. Plaintiffs' concede that insofar as the complaint alleges damages against individual defendants in their "official capacities" such damages are barred by the Eleventh Amendment.

loss of familial association except when the government action in issue is directly aimed at the relationship between a parent and a young child." *Arroyo v. Pla*, 748 F.Supp. 56, 58 (D.P.R.1990); *See Also Robles–Vazquez v. Tirado Garcia*, 110 F.3d 204, n. 4 (1st Cir.1997) *and Manarite v. City of Springfield*, 957 F.2d 953, 960 (1st Cir.1992) *cert. denied*, 506 U.S. 837, 113 S.Ct. 113, 121 L.Ed.2d 70.

■ Cases that recognized a right to familial association can be divided into two categories. *See Pittsley v. Warish*, 927 F.2d 3, 8 (1st Cir.1991) (Dividing familial association cases into two categories). Under the first category substantive due process has been applied to prevent governmental interference in certain private decisions. *Ortiz*, 807 F.2d at 8 (*citing Griswold v. Connecticut*, 381 U.S. 479, 486, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (procreation) and *Pierce v. Society of Sisters*, 268 U.S. 510, 535, 45 S.Ct. 571, 69 L.Ed. 1070 (1925) (whether to school one's children in religious matters)). "The second category is implicated whenever the state directly seeks to change of affect the parent child relationship". *Pittsley*, 927 F.2d at 8. This second category recognizes a liberty interest in "preventing governmental interference with the rearing of young children." *Ortiz*, 807 F.2d at 8. *citing Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (termination of parental rights) and *Little v. Streater*, 452 U.S. 1, 13, 101 S.Ct. 2202, 68 L.Ed.2d 627 (1981) (determining paternity). State action that affects the parental relationship only incidentally, even though the depravation may be permanent as in the case of an unlawful death, is not sufficient to establish a violation of an identified liberty interest. *Id*.

■ In the case at hand, Plaintiffs asks the Court to extend the familial association liberty interest since "she was deprived of accompanying and protecting her son while he was deathly ill at the hospital". *Dkt.* 9. Plaintiffs' argument fails for several reasons. The actions taken by the Defendants do not fall within the two familial right categories identified by the First Circuit. The record fails to reveal, and Plaintiffs do not contend, that the government interfered with any private decision. The first familial right category is thus inapplicable.

Nor can it be said that Defendants' actions interfered with the rearing of a young child. At the time of his death Mr. Sierra was not only an adult, but he was also a inmate under the custody of the Corrections Department. As such, Defendants' actions were not aimed at disrupting Dora H. Gonzalez's' relationship with her young son—but simply at maintaining custody of an adult inmate. Dora H. Gonzalez has failed to allege a constitutionally cognizable claim for violation of the right to familial association. She lacks standing to bring a § 1983 claim.

## BRYAN SIERRA HAS STANDING IN HIS REPRESENTATIVE CAPACITY

In *Robertson* the Supreme Court examined the question of whether a civil rights action (42 U.S.C. § 1983) can be brought by an heir in representation of a deceased. *Robertson v. Wegmann*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978). When determining which survivorship rule to apply to civil rights cases, district courts must refer to 42 U.S.C § 1988. *Id*. That section reads, in the relevant parts, as follows:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, and of the Title "Civil Rights", and of the Title "Crimes", for the protection of all persons in the United States in their civil rights, and for their vindication, shall be

exercised and enforced in conformity with the laws of the United States so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law as modified and charged by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of criminal nature, in the infliction of punishment on the party found guilty.

42 U.S.C. § 1988.

■ The section thus recognizes that federal law simply "does not cover every issue that may arise in the context of a federal civil rights action". *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). When federal law is deficient or insufficient to furnish a suitable remedy, § 1988 instructs that federal courts must turn to "the common law, as modified and changed by the constitution and statutes of the state" as long as these are not "inconsistent with the Constitution and laws of the United States." 42 U.S.C. § 1988. One area that is not covered by federal law is that relating to "the survival of civil rights actions under § 1983 upon the death of either plaintiff or defendant". *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir.1984). The law of the forum state is thus "the principle reference point in determining survival of civil rights actions". *Robertson*, 436 U.S. at 590, 98 S.Ct. 1991. A review of Puerto Rican law is in order.

■ If Plaintiffs had brought this action in the Puerto Rican court system rather than in federal court, they would have brought a wrongful death case. The Su-

preme Court of Puerto Rico has held that damages for the conscious pain and suffering of plaintiff's decedent, as opposed to damages for his immediate death, are recoverable in a wrongful death negligence cases. *Vda. de Delgado v. Boston Insurance*, 101 P.R. Dec. 598 (1973); *Consejo de Titulares v. CRUV*, 132 P.R. Dec. 707 (1993); *See Also Morales v. United States*, 642 F.Supp. 269, 273 (D.P.R.1986). Applying the state's legal reasoning to the case at hand, the Court concludes that Puerto Rican law permits an heir to bring a § 1983 action in his representative capacity only when there is a showing that the deceased has suffered prior to his death.

■ There is no question, and Defendants do not contend the fact that, Mr. Sierra suffered pain and discomfort prior to his death. Puerto Rican law allows his pain and suffering to transmit to his immediate heirs who can bring an action claiming damages for the deceased pain. As such, Bryan Sierra, Mr. Sierras' son and legal heir, has standing to bring the present § 1983 in his representative capacity. *See Arroyo v. Pla*, 748 F.Supp. 56, 58 (D.P.R.1990); *Velazquez-Martinez v. Colon*, 961 F.Supp. 362, 364 (D.P.R.1997).

## THE ELEVENTH AMENDMENT DOES NOT BAR SUIT AGAINST DEFENDANTS IN THEIR PERSONAL CAPACITY

Defendants last argument can be summarily dismissed. Defendants contend that they are immune from suit because they are being sued in their official capacity. Nonetheless, a conscientious reading of the Complaint reveals that on paragraph 81 Plaintiffs state "Defendants, in their official and personal capacities are all jointly and severally liable to plaintiffs". Defendants argument is fundamentally flawed.

Wherefore, Defendants' Motion to Dismiss is Granted in part and Denied in part. Specifically, the Court dismisses the complaint as to all Plaintiffs who lack standing to bring the § 1983 action in their personal capacity. These Plaintiffs are: Dora H. Gonzalez, the deceased mother, and Noel and Jessica Sierra the deceased siblings. The Court denies Defendants' motion as it relates to Bryan Sierra since he has standing to bring the § 1983 action in his representative capacity. Defendant's Eleventh Amendment arguments are without merit.

**IT IS SO ORDERED.**