**Miguel MIRANDA, Natividad Guzman, et al., Plaintiffs,**

**v.**

**SUNSHINE BIRD SUPPLIES, INC., Northstate Sunflower, Inc., Defendants.**

**Civ. No. 88–1674 HL.**

United States District Court, D. Puerto Rico.

April 23, 1990.

Ramon Claudio Ortiz, Hato Rey, P.R., for plaintiffs.

Federico Lora López, Hato Rey, P.R., for defendants.

OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiffs, the owners of "La Casa del Agricultor," filed this diversity action for breach of contract by defendant, Sunshine Bird Supplies, Inc. ("Sunshine"). Plaintiffs purchased sacks of corn from Sunshine for resale, and plaintiffs allege that Sunshine delivered contaminated corn. Plaintiffs

seek $6,934.50 for the price of the corn and $50,000.00 in loss of reputation and moral damages. Defendant Sunshine filed a motion to dismiss on the ground that the plaintiffs' claim was time-barred under Puerto Rico law. Plaintiffs opposed the motion. For the reasons below, we grant defendant's motion.

Because we consider matters outside the pleadings, we treat this motion as one for summary judgment. Fed.R.Civ.P. 12(b)(6). We accept as true all facts alleged by the plaintiffs, drawing all inferences in their favor. *Hahn v. Sargent*, 523 F.2d 461 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

Pursuant to their contract, Sunshine delivered 980 sacks of corn to plaintiffs on July 13, 1987. On October 5, 1987, the plaintiffs notified Sunshine that their clients detected a strong insecticide odor from the corn that plaintiff had bought from defendant. At this time the plaintiffs discontinued the resale of the corn, and notified the Department of Agriculture of Puerto Rico. The Department of Agriculture tested the corn, and on November 30, 1987, reported to the plaintiffs that the corn contained 52.77 ppm of Malathion. Four days later, the plaintiffs wrote to Sunshine demanding $6,934.50 for the cost of the bad corn. On January 28, 1988, the plaintiffs destroyed the corn pursuant to the defendant's instructions.

On May 6, 1988, Sunshine wrote a letter to their suppliers, codefendant Northstate Sunflower, Inc. ("Northstate"). The letter confirms that Northstate sold bad corn to Sunshine, and Sunshine distributed it to plaintiffs who were prevented from selling it by the Department of Agriculture.[1] The letter stated that Sunshine sent $6,183.00 to Northstate in response to Northstate's invoice for the corn, and that Northstate should return the money the plaintiffs paid for the bad corn. Sunshine informed Northstate that they had debited Northstate's account in the amount of $6,934.50, which was the amount the plaintiffs paid for the bad corn. Sunshine sent a copy of this letter to plaintiffs. Over

four months later on September 27, 1988, the plaintiffs filed this action.

Sunshine argues in its motion that the transaction in this action is governed by Article 260 of the Commerce Code, 10 L.P.R.A. sec. 1718. Under this article, a purchaser who has not notified the defendant seller of "inherent defects in the article sold," within thirty days of delivery, loses all rights of action against the vendor. 10 L.P.R.A. sec. 1718. *See also Julsrud v. Peche de Puerto Rico, Inc.*, 115 D.P.R. 18 (1983) (interpreting Article 260 of the Commerce Code). Sunshine claims that because they were first notified on October 5, 1987—93 days after delivery of the corn on July 13, 1987—the plaintiffs have no cause of action.

In diversity actions we are bound to follow the Puerto Rico Supreme Court's interpretation of Article 260, and apply it to the facts of this case. The Commercial Code governs resale transactions between two merchants. *See Julsrud*, 115 D.P.R. at 21; *Buena Vista Dairy, Inc. v. Aponte*, 108 D.P.R. 657 (1979). *See also* 10 L.P.R.A. sec. 1701. In *Julsrud*, 115 D.P.R. 18, the Supreme Court specifically applied Article 260 to a case where a seller delivered a product with hidden defects (*vicios internos*).

According to *Julsrud*, Article 260 requires the buyer to notify the seller of the defects within thirty days of delivery in order to preserve a claim for breach of contract. This thirty-day period lapses regardless of when the buyer discovers the defects. *Julsrud*, 115 D.P.R. at 27. Under the Puerto Rico Commercial Code, such a statutory period is one of *"caducidad."* Making a claim within that period is a precondition to suit and is not subject to tolling or other equitable principles that may interrupt the running of the statute. *See* L. Ribo Duran, *Diccionario de Derecho* (1987). Therefore, in the present case, the fact that plaintiffs first notified Sunshine of the defects in the corn 93 days after delivery bars their action.

---

**1.** *See* Plaintiffs' Exhibit C, filed with the Complaint.

We reluctantly apply the rule of Article 260 as fashioned by *Julsrud,* 115 D.P.R. 18, as we realize the burden placed on the buyer under the present rule.[2] Had the present case been one of first impression, we would have formulated a different rule for cases where the complex chemical nature of some products renders the defects of a product impossible to detect until after the thirty-day period. However, we must defer to the jurisprudence of the Puerto Rico Supreme Court.

WHEREFORE, the thirty-day claim period under Article 260 of the Commercial Code lapsed, the plaintiffs' cause of action is time-barred, and the defendant's motion to dismiss is hereby granted. The action against defendant Sunshine is hereby DISMISSED.

IT IS SO ORDERED.

---

**2.** In *Julsrud,* the Supreme Court rejected former interpretations of Article 260 and other Civil Code countries' interpretations, that allowed a claim to be filed thirty days (or six months) after the date the buyer *discovered* the hidden defect. *Julsrud,* 115 D.P.R. at 25–29.