Jose R. TORRES–MAS, Plaintiff,

v.

CARVER BOAT CORPORATION,
Defendant/Third–Party
Plaintiff,

v.

Pleasurecraft Marine Engine Company,
et al., Third–Party Defendants.

No. CIV. 00–1652(RLA).

United States District Court,
D. Puerto Rico.

Filed Sept. 27, 2002.

Julio Pijem–Berrios, Caguas, P.R., José V. Díaz–Tejera, Trujillo Alto, P.R., for plaintiff.

Angel E. Rotger–Sabat, San Juan, P.R., Carlos A. García–Pérez, Carlos A. Rodríguez–Vidal, Goldman Antonetti & Cordova, San Juan, P.R., Luis Berrios–Amadeo, Victoria D. Pierce–King, Cancio Nadal Rivera & Diaz, San Juan, P.R., Eduardo J. Ferrer, San Juan, P.R., for defendants.

## ORDER DENYING MOTIONS TO DISMISS THIRD–PARTY CLAIMS AND SETTING DEADLINE FOR AMENDMENT

ACOSTA, District Judge.

Third-party defendants THERMO POWER CORPORATION ("THERMO") and PLEASURECRAFT MARINE ENGINE COMPANY ("PLEASURE-CRAFT") have moved to dismiss the third-party claims asserted against them by defendant CARVER BOAT CORPORATION ("CARVER"). The court having reviewed the arguments presented by the parties hereby finds as follows.

### FACTUAL/PROCEDURAL BACKGROUND

According to the original complaint plaintiff JOSE R. TORRES MAS purchased a motor vessel manufactured by defendant CARVER which plaintiff contends has been plagued with a myriad of flaws which have gone uncorrected. Plaintiff demands rescission of the sales contract; return of the purchase monies paid; reimbursement of repair costs incurred by him, and damages suffered as a result of the vessel's defective condition.

CARVER filed a third-party complaint against CRUSADER ENGINES ("CRUSADER") the manufacturer of the vessel's engines which party was subsequently substituted by its successors in interest THERMO and PLEASURECRAFT.[1]

CARVER claims that third-party defendants are jointly and severally liable for the damages sought by plaintiff since "said damages would be due to defects in the engines and/or failure by LUMAR MARINE to properly repair same." ¶ 11 Amended Third-party Complaint, filed on March 26, 2001 (docket No. 17).

### IMPLIED WARRANTY

Because this is an action based on diversity of jurisdiction local substantive law applies to the claims at issue. *Correa v. Cruisers*, 298 F.3d 13, 22 (1st Cir.2002); *Fitzgerald v. Expressway Sewerage Constr., Inc.* 177 F.3d 71, 74 (1st Cir.1999); *Servicios Comerciales Andinos, S.A. v. Gen. Elec. Del Caribe, Inc.*, 145 F.3d 463, 479 (1st Cir.1998).

The original complaint asserts a claim for breach of implied warranty as provided

---

1. Pursuant to an Asset Purchase Agreement with CRUSADER, PLEASURECRAFT remained responsible for the old CRUSADER warranty while THERMO assumed liability for claims for hidden defects in the CRUSADER engines. LUMAR MARINE PARTS AND SERVICE, INC. was also impleaded but the action was stayed as to this particular party in accordance with the provisions of the Bankruptcy Code, 11 U.S.C. § 362. *See* Order issued on February 5, 2002 (docket No. 55).

for in art. 1363 of the Puerto Rico Civil Code, P.R.Laws Ann. tit. 31, § 3831 (1990), whereby a vendor warrants to the vendee that the product sold has "no hidden faults or defects".

A hidden defect is that which escapes the eye of an ordinarily diligent person, the defect that is inherent to the imperfect way in which the merchandise was manufactured, packed, handled, or stored, and which renders the thing inadequate for use for which it was destined.

*Julsrud v. Peche de P.R., Inc.*, 115 D.P.R. 18, 23 (1983). *See also Rivera Surillo & Co., Inc. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 28 (1st Cir.1994).

Pursuant to P.R.Laws Ann. tit. 31, § 3841 the seller warrants against hidden defects which either (1) render the product unfit for its intended use or (2) diminish its use in such manner that the purchaser would not have bought it or would have paid less for it had he known thereof at the time of purchase.

■ In the event of defects which meet the requirements of § 3841 the purchaser may choose between rescinding the contract or demanding a proportional reduction of the sale price. *See Julsrud*, 115 D.P.R. at 22 (in situations of "delivery of a defective thing ... the actions available are the *aedilitian* actions—the redhibitory or *quanti minoris* actions—whose life is much shorter than the action for breach of contract.")

■ Damages may be awarded to a purchaser of a defective product for breach of implied warranty only in those particular situations where the hidden defects were known to the vendor at the time of the sale. P.R.Laws Ann. tit. 31, § 3843. Otherwise, plaintiff's relief shall be limited to reimbursement of his "expenses", i.e., "costs that are directly related to the defect [at issue]". *Correa*, 298 F.3d at 28. *See also Ferrer v. Gen. Motors Corp.*, 100 D.P.R 246, 256 (1971). Even in those instances were damages are proper these may not be liberally dispensed since § 3843 must be narrowly construed. *Correa*, 298 F.3d at 28.

■ Even though the third-party complaint in this action makes reference to hidden defects these are pled in the context of THERMO/PLEASURECRAFT's failure to correct deficiencies in the vessel's engines in accordance with the warranty issued by CRUSADER.

The Amended Third-party Complaint cites mechanical problems caused by hidden defects in the vessel's engines manufactured by CRUSADER which purportedly were covered exclusively by CRUSADER's warranty. Further, CARVER avers that in accordance with plaintiff's request it petitioned CRUSADER to "repair the engines pursuant to the applicable CRUSADER warranty" ¶ 7 which CRUSADER did "through its local dealer, LUMAR MARINE" ¶ 8, and that the engines continued to malfunction even after they were repaired by LUMAR MARINE pursuant to the CRUSADER warranty. ¶ 9

In its Opposition to the petition for dismissal CARVER argues that the damages claimed by plaintiff due to the mechanical malfunction of the engines "is a tort claim brought by a consumer, who has been previously attended to by third party defendants." (docket No. 63) at 4. However, the fact that plaintiff also prays for an award of damages does not necessarily take this action away from the implied warranty realm. The damages alleged by plaintiff flow exclusively from the fact that the defects of the motor vessel purportedly made it unfit for its intended use.

There are no allegations in the pleading regarding specific damages or injuries to plaintiff which would intimate either an action in torts or a products liability suit.

The complaint only makes reference to the multiple deficiencies of the boat and the general annoyance caused by those short-comings. Hence, we find that the complaint is exclusively one for "saneamiento de vicios ocultos" as provided for in the Puerto Rico Civil Code and not an action in tort as alleged by CARVER. *Betancourt v. W.D. Schock Corp.*, 907 F.2d 1251, 1254 (1st Cir.1990); *Ramos Santiago v. Wellcraft Marine Corp.*, 93 F.Supp.2d 112, 121 (D.P.R.2000).

## TIMELINESS

■ THERMO moved for dismissal and argues *inter alios* that the applicable statute of limitations for the claims asserted by CARVER in its Amended Third-party Complaint fall under the provisions of the Puerto Rico Commerce Code because they are based on hidden defects of merchandise sold in a business transaction between two commercial entities. THERMO contends that CARVER'S failure to include the specific dates of delivery of the engines and of notice of defects merit dismissal because it does not allow for a determination as to whether or not the claim is time-barred. PLEASURECRAFT joined in this request. Additionally, PLEASURE-CRAFT denies liability claiming it complied with all pertinent obligations under its Crusader Engine's Warranty Policy and Procedures Manual.

It is important to bear in mind that in disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed.R.Civ.P. the court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor. *Frazier v. Fairhaven School Com.*, 276 F.3d 52, 56 (1st Cir. 2002); *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir.2001); *Berezin v. Regency Sav. Bank*, 234 F.3d 68, 70 (1st Cir.2000); *Tompkins v. United Healthcare of New England, Inc.*, 203 F.3d 90, 92 (1st Cir. 2000).

Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the Court finds that plaintiff is not entitled to relief under any theory. *Brown v. Hot, Sexy and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995) *cert. den.* 516 U.S. 1159, 116 S.Ct. 1044, 134 L.Ed.2d 191 (1996); *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir. 1994).

The complaint is clear that the underlying claim asserted by plaintiff in these proceedings is one for rescission of contract and not one sounding in tort. Plaintiff essentially prays for the return of the vessel in exchange for the purchase monies he paid as well as additional expenditures and damages incurred because of the vessel's erratic performance.

■ Any similar claim for hidden defects in the engines brought by CARVER against petitioners would be covered by the provisions of the Puerto Rico Commerce Code inasmuch as it involves a product [engines] sold in a commercial transaction between merchants, i.e., CARVER and CRUSADER.[2] In such case CARVER would have 30–days from the date of delivery[3] for notifying CRUSADER of any alleged inherent defects in

---

2. The provisions of the Puerto Rico Commerce Code apply to "commercial transactions" § 2 including the "purchase and sale of personal property for the purpose of resale, either in the form purchased or in a different form, for the purpose of deriving profit in the resale". § 43. P.R.Laws Ann. tit. 10, §§ 1002 & 1701 (1997) respectively.

3. Sec. 260 of the Commerce Code, P.R.Laws Ann. tit. 10, § 1718 reads:
A purchaser who has not made any claim based on the inherent defects in the article sold, within the **thirty days following its delivery** shall lose all rights of action against the vendor for such defects.
(emphasis ours).

products sold in commerce. This period is fatal and starts to run regardless of when the defect is discovered by the purchaser. *Julsrud,* 115 D.P.R. at 27. *See also, Miranda v. Sunshine Bird Supplies, Inc.,* 735 F.Supp. 459, 460 (D.P.R.1990) (term labeled as " 'caducidad' ... and is not subject to tolling or other equitable principles that may interrupt the running of the statute.")

If timely notice is given, the statute of limitations to initiate suit for hidden defects is six (6) months from the date of delivery as provided for in art. 1379 the Puerto Rico Code for *aedilitian* actions, P.R.Laws Ann. tit. 31, 3847. *Julsrud,* 115 D.P.R. at 27.

CARVER's claims against THERMO and PLEASURECRAFT, however, are premised on a different footing. Although mention is made of defects in the vessel's engines in CARVER's Amended Third-party Complaint, the allegations specifically point to a breach of an express contractual warranty issued by CRUSADER and not to the implied warranty obligation to deliver merchandise free from defects.

Accordingly, petitioners' request to find the claim untimely and/or for a more definite statement is **DENIED.**[4]

### THIRD–PARTY PRACTICE

Additionally, THERMO petitions dismissal alleging CARVER seeks for third-party defendants to respond directly to plaintiff contrary to the provisions of Rule 14(a) Fed.R.Civ.P.

Indeed at ¶ 12 of the Amended Third-party Complaint CARVER requests that

in the event it is found liable the third-party defendants "must be found jointly and severally liable and ordered to pay the totality or corresponding proportion of any amounts so ordered **to plaintiff directly**" (emphasis ours) and prays that the third-party defendants be found "responsible for any judgments" entered against CARVER.

Pursuant to Rule 14(a) a defendant may implead a person "not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." However, the essence of the third-party practice is for the third-party defendant to respond to the defendant/third-party plaintiff and not to the plaintiff directly. Thus, "the mere allegation that the third-party defendant is or may be liable to plaintiff will not sustain the complaint." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1455, p. 434 (2d ed.1990).

Consonant with the provisions of Rule 14(a) and it appearing that the Amended Third-party Complaint inappropriately seeks for the third-party defendants to respond directly to plaintiff unless CARVER amends the third-party complaint accordingly **no later than October 25, 2002** the same shall be dismissed.

### CONCLUSION

Based on the foregoing, Third-party Defendant Thermo Power Corp.'s Motion to Dismiss ... (docket No. 43)[5] and Pleasurecraft's Motion Relative to Thermos' Motion to Dismiss ... (docket No. 64)[6] are disposed of as follows:

---

4. Given the Rule 12 procedural constraints we are precluded at this time from venturing into the merits of CARVER's claims and/or the adequacy of petitioners' conduct as suggested by PLEASURECRAFT.

5. *See* Carver Boat Corporation's Opposition ... (docket No. **63**) and Third-party Defen-

dant Thermo Power Corp.'s Reply ... (docket No. **66**). Third-party Defendant Thermo Power Corp.'s Motion to Resubmit its Motion to Dismiss Amended Third–Party Complaint (docket No. **70**) is **MOOT.**

6. *See* Carver Boat Corporation's Opposition ... (docket No. **65**).

258

The petition to dismiss the third-party complaint as untimely or in the alternative, order a more definite statement is **DENIED.**

The petition to dismiss the contractual warranty claims is **DENIED.**

It is further ORDERED that unless CARVER amends the third-party complaint **no later than October 25, 2002** to seek relief from the third-party defendants rather than have them respond directly to plaintiff the Amended Third-party Complaint shall be dismissed.

IT IS SO ORDERED.